Nov. Term,
1856.

BREEDING
v.
SHINN.

---

## BREEDING *v.* SHINN.

Suit in the Circuit Court for the recovery of lands. Answer, the statute of limitations. Reply, that while the plaintiff was an infant, defendant took possession without right, and that 20 years have not elapsed since the plaintiff attained full age. Demurrer to the reply sustained.

Nov. Term,
1856.

BREEDING
v.
SHINN.

*Held*, that the reply was good in substance, and that the demurrer should have been overruled.

*Held*, also, that where a stranger enters into and occupies an infant's lands without claim of right, as in this case, the infant has a right to regard him as his guardian, or trustee; and that the plaintiff might, by amending his complaint, compel the defendant to account as such.

*Thursday,*
*November 27.*

APPEAL from the *Bartholomew* Circuit Court.

STUART, J.—Suit by *Breeding* against *Shinn* to recover certain lands in *Bartholomew* county. Answer, the statute of limitations—that the cause of action did not accrue within twenty years. Reply, that while the plaintiff was an infant, defendant took possession without right; and that twenty years have not elapsed since the plaintiff attained full age. Demurrer to the reply sustained, and judgment for the defendant. *Breeding* appeals.

The cause of demurrer assigned is, that the reply does not state sufficient facts to avoid the operation of the statute of limitations. The sufficiency of the reply in that behalf is, therefore, the only question in the record.

The reply is not a model of artistic skill: still if good in substance the demurrer should have been overruled. The matter set up in avoidance of the statute amounts to this: that the plaintiff having entered upon the infant's land without any claim or color of right, the statute did not begin to run until the disability of infancy was removed; and that twenty years had not elapsed since the plaintiff attained his majority.

We think this reply substantially good.

The demurrer admits the defendant's entry to be without any claim of right. The rule is that the plaintiff was at liberty in such a case to regard the defendant as his guardian. *Grimes* v. *Wilson*, 4 Blackf. 331. "So greatly does the law favor infants," says *Story*, "that if a stranger enters into and occupies an infant's lands, he is responsible at law to account for the rents and profits, and will be chargeable as guardian or bailiff." 1 Eq. Jurisp. p. 487, and the authorities cited in notes 1 and 2.

In view of the facts admitted by the demurrer, and the authorities cited, *Breeding* has a right to regard

*Shinn* as his guardian or trustee, and needs only to amend his complaint to compel him to account as such.

This case is entirely distinct from that of a person in possession under an adverse title for twenty years, when, as to infants, the action must be brought within five years after the disability is removed. R. S. 1831, p. 378. It is equally distinguished from cases affected by the law of limitations when suit is brought to recover lands sold by executors. R. S. 1843, p. 458. In each of these cases the entry is made upon the infant's lands under a claim or color of title. But in the case at bar it stands admitted that the intruder had no title.

The plaintiff is therefore entitled to the relief which the facts admitted seem to establish as the measure of his rights. But to that end he should amend his complaint.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with instructions to permit the parties to amend, &c.

*W. Herod* and *S. Stansifer*, for the appellant.