Nov. Term, 1859.

Vancleave
v.
Milliken.

------•◦◦•------

## Vancleave and Others *v.* Milliken.

Complaint to recover possession of land, averring that it belongs to the plaintiffs and is in possession of the defendant, and had been for six years. Answer, the statute of limitations, and that the land had been sold, by order of the Probate Court, by an administrator, &c., in 1834, under whom the defendant holds as a remote vendee, &c., and that the suit had not been commenced within five years after the confirmation by said Court of said sale, nor within twenty years after the cause of action accrued. Reply, that the plaintiffs were the only heirs, &c.; that they were not made parties to any application to sell the land, nor had they any notice thereof, wherefore the sale was void; that they were infants at the time of the sale, and until

the year 1845, and that the action was brought within twenty years after they arrived at full age. Demurrer sustained.

*Held*, that the pleadings show that the defendant, by virtue of the sale and conveyance by the administrator, confirmed by the Court, had been in possession six years, under color of title, and holding adversely to the plaintiffs; and hence the limitations of §§ 214, 215, 2 R. S. p. 75, are applicable.

*Tuesday,*
*November 29.*

APPEAL from the *Montgomery* Circuit Court.

HANNA, J.—Suit to recover the possession of land, and averment, in the complaint, that it belongs to the plaintiffs, and is in possession of the defendant, and had been for six years past.

Answer, statute of limitations, generally; and that the land had been sold by order of the Probate Court, by the administrator of the estate of the elder *Vancleave*, to one *Lane*, on the 12th day of *July*, 1834, under whom the defendant holds as a remote vendee, &c.; and that the suit had not been commenced within five years after the confirmation by said Court of said sale; nor within twenty years after the cause of action accrued.

Reply, that plaintiffs were the only heirs of the said *Vancleave*, deceased, and that they were not made parties to any application to sell said lands, nor had they any notice thereof, and that, therefore, said sale was void; that they were, at the time of said sale, infants, and so continued until the year 1845, and that said action was brought within twenty years after they arrived at full age.

Demurrer to the reply sustained.

This raises the only question in the case.

By a general statute, actions for the recovery of the possession of lands must be brought within twenty years. 2 R. S. p. 76. By another section, an action to recover lands sold by an administrator, upon a judgment directing such sale, brought by a party to the judgment, &c., must be so brought within five years after the sale is confirmed. *Id.*, p. 75. It is further provided (*id.*, § 215) that "any person being under legal disabilities when the cause of action accrues, may bring his action within two years after the disability is removed."

The only question, in the case at bar, is, whether these

Nov. Term,
1859.

VANCLEAVE
v.
MILLIKEN.

latter limitations are applicable herein, under the circumstances.

It is insisted that the pleadings show that the whole proceedings of the Probate Court, upon the application to sell said lands by the administrator, were void, because the record in the said application to sell does not show that the heirs of the decedent, the present plaintiffs, were notified of the pendency of such proceedings; and that, therefore, the deed based upon those proceedings is a nullity; and that no such rights could be acquired, by virtue of said deed and possession held under the same, as would enable the defendant to avail himself of the limitations last above referred to.

The case of *Pillow* v. *Roberts*, 13 How. (U. S.) 472, is somewhat in point. That was an action of ejectment, in which the plaintiff relied upon a regular chain of title from the *United States* to himself. The defendant relied upon a tax title, and possession for more than five years under it. The Court passed upon the question of the admissibility of the tax collector's deed as evidence; but, also, held further, that, "assuming these deeds to be irregular and worthless, the Court erred in refusing to receive them in evidence, in connection with proof of possession, in order to establish a defense under the statute of limitations." That statute (of the state of *Arkansas*, where the land was situate), provided that "actions against the purchaser, &c., for the recovery of lands sold by any collector of the revenue for the non-payment of taxes, shall be brought within five years after the date of such sales, and not after." It is held by the Court, in that case, that such statutes are statutes of repose, and that it is not necessary that he who claims their protection should have a good title; that such statutes would be of little use if they protect those only who could otherwise show an indefeasible title to the land; and, hence, color of title, even under a void and worthless deed, has always been received as evidence that the person in possession claims for himself, and, of course, adversely to all the world.

In *Massachusetts*, it has been held, since the case of

*Marston* v. *Hobbs*, 2 Mass. R. 439, that the actual posses-
sion of land under a claim of title, whether well founded
or not, constitutes seizin.   See 4 Mass. R. 408; *id.* 441;
17 *id.* 213; 5 Pick. 217; 6 Met. 439.   Other states have,
also, made decisions to the same effect, in some, and in
others, having a strong tendency that way.   *Collier* v. *Gam-
bell*, 10 Mo. R. 472.—*Brookly* v. *Hathaway*, 20 Maine R.
255.— *Willard* v. *Twitchell*, 1 N. Hamp. R. 178.—3 Ohio
R. 218.—10 *id.* 317.—17 *id.* 60.—21 Wend. 120.

In our own state, it has been decided that where there
has been an unauthorized entry upon lands, the title must,
of necessity, be limited to the lands over which visible au-
thority has been exercised; but the Court say, "where a
party is in possession, under and pursuant to a state of
facts which, of themselves, show the character and extent
of his entry and claim, the case is entirely different; and
such facts, whatever they may be in a given case, perform
sufficiently the office of color of title."   *Bell* v. *Longworth*,
6 Ind. R. 277.

The only remaining point is, whether the pleadings
sufficiently show possession for the time named, to-wit,
five years after the confirmation of the sale, and two years
after the plaintiffs arrived at age; or, if not, what is the
effect of the statute, without reference to the question of
possession?

Whether the defendant, or those under whom he claims,
was in possession of said land from 1834, is not directly
averred; but it is admitted, in the answer, that he is in
possession by virtue of certain judicial proceedings and a
deed of conveyance, all of which are matters of public
record.   He had been, by the plaintiffs' own showing, in
possession for six years, and, according to the pleadings,
in our opinion, in under color of title, and holding ad-
versely to the plaintiffs.   If the pleadings were silent as to
the question of possession, for a length of time preceding
the commencement of the suit, what presumption, if any,
would have arisen as to that point, we need not decide,
nor need we intimate what the decision would be in a case
where neither party was in actual possession.

The appellants rely upon the case of *Doe* v. *Bowen*, 8 Ind. R. 197. In that case, no question was made as to limitation.

The demurrer was properly sustained to the reply.

*Per Curiam.*—The judgment is affirmed with costs.

*S. C. Willson* and *J. E. McDonald*, for the appellants.

*I. Naylor*, for the appellee.