## TALBOTT and Others *v.* ARMSTRONG and Others.

A widow cannot claim dower in premises by virtue of the seizin of her husband, under a deed which, from the failure to have it recorded, became void, as against subsequent purchasers, and which, being unable to pay the purchase-money, he surrendered to the grantor, as a means of returning the land in discharge of the original consideration.

One good paragraph of an answer, in bar of the whole complaint, admitted by demurrer to be true, bars the action. Thus a judgment for the defendant over the general issue untried may be right.

A judgment for the plaintiff over the general issue untried, is error.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—The widow and heirs of *A. G. Talbott*, senior, commenced an action to recover from one *Armstrong*, the possession of a certain parcel of land. Judgment for the defendant. In *October*, 1830, one *Dillard Drake*, then being the owner of the land in controversy, conveyed the same to said *A. G. Talbott*, senior, who entered into possession under his purchase, but did not get his deed recorded. Soon after the conveyance, it appears that the deed by which it was made, was again in the possession of *Drake*, the grantor, with his name torn off, and also the land which had been deeded; as it was soon after conveyed by *Drake* to one *Barker*, who entered into possession under his deed, which was duly recorded. And from that time there has been a continuous possession,

under a regular line of recorded conveyances, from *Barker* to *Armstrong*.

The question in the case is, can Mrs. *Talbott* claim dower in the premises, by virtue of the seizin of her husband, in 1830, under a deed which, from the failure to have it recorded, became void as against subsequent *bona fide* purchasers.

If the husband died subsequently to the coming into force of the code of 1852, the dower right of the widow, if any she had, was abrogated by that statute. The rule in *Strong* v. *Clem*, 12 Ind. R. 37, would apply, in that event, to this case.

But if the husband died before the coming into force of that code, so that at that date the right of dower in the widow was vested, if any she had, it would be different. And as the record does not settle the point when the death of the husband occurred, we must examine whether the widow had any right, supposing the husband to have deceased before the 6th of *May*, 1853, the date of the taking effect of the code above mentioned.

It is admitted that the laches of *Talbott*, in failing to have his deed recorded, has barred his own, and the title of his heirs; but it is contended that they could not operate to bar the right of the widow. See 4 Kent, 37, *et seq.* It is difficult to see how the widow could enforce a claim, evidenced in no public manner, against a *bona fide* purchaser without notice, any better than could any other person; but waiving this point, we think the widow has failed to show a right to recover, in this case, upon another ground.

If her husband had not paid the purchase-money for the land, the grantor's lien for that was paramount to the right of dower; and if the husband, finding he could not pay for the land, surrendered his deed to the grantor, as a means of returning the land in discharge of the original consideration, the wife could claim no dower. Ind. Dig. p. 402.

In a case where the circumstances raise so strong a presumption against such payment as they do in this case,

and where interests of *bona fide* purchasers have attached, we think, at all events, before the widow can ask to have such interests disturbed, she should show all the facts necessary to make out her right in equity to recover.

As to the judgment for the defendant in this case, without a trial of the general issue, it was right. One good paragraph of an answer, in bar of the whole complaint, admitted by demurrer to be true, bars the action.

Had the judgment been for the plaintiff, over that issue untried, it would have been error.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Gavin* and *O. B. Hord*, for the appellants.

*J. S. Scobey*, for the appellees.