No. 8777.

## WHITE ET AL. *v.* CLAWSON ET AL.

PARTITION.—*Complaint.*—*Title.*—*Guardian's Sale.*—A complaint for partition which is otherwise good is not bad because it avers that the defendants claim title to the plaintiff's share through a guardian's sale which was not ordered nor approved by the court.

STATUTE OF LIMITATIONS.—*Guardian's Sale.*—*Real Estate, Action to Recover.*—All actions brought to recover real estate sold by a guardian upon a judgment specially directing its sale must be brought within five years after the sale is confirmed, unless the party is under disability, and if so the action may be brought within two years after the disability is removed.

SAME.—*Infant.*—*Legal Disabilities.*—One disability can not be connected with another so as to avoid the statute of limitations. If the plaintiff is an infant when the cause of action accrues, the disability of coverture will not extend the time within which an action must be brought.

SAME.—*Title of Purchaser at Guardian's Sale.*—The title of a purchaser at a guardian's sale, who has been in possession for the requisite length of time, is protected by the statute, though the sale through which he claims is void.

From the Hancock Circuit Court.

*J. A. New* and *C. E. Barrett,* for appellants.

BEST, C.—This action was brought by the appellees against

the appellants for the partition of forty acres of land in Hancock, and fifty-one acres in Rush county, Indiana. The complaint consisted of two paragraphs. In the first it was averred that one Robert White died intestate in the year 1848, seized of the land in question; that the appellee Elizabeth was his daughter and inherited from him an undivided one-eighth part thereof; that the appellant White owns the undivided seven-eighths of the forty acres, and appellant Parker the undivided seven-eighths of the fifty-one acres; that the parties hold as tenants in common, and prayer for partition.

The same facts were averred in the second, and the additional facts that the appellant White had procured himself to be appointed guardian of the appellee Elizabeth, by the probate court of Hancock county, Indiana, in 1850, and as such guardian had filed his petition to sell the interest of Elizabeth in said lands; that, by and under such proceedings, he sold said interest in 1850 to one Eli White, who afterward conveyed the forty acres to the appellant White, and the fifty-one acres to the appellant Parker, each of whom claims said premises through such sale; that the same was void because the appellee Elizabeth, at the time White was appointed her guardian aforesaid, had another guardian who had been lawfully appointed by the probate court of Wayne county, Indiana, where said Elizabeth then resided, and whose appointment had not been set aside, annulled or revoked, and for the further reason that the probate court of Hancock county never ordered the land sold, nor did it confirm the sale or approve the deed.

Demurrers for want of facts, filed by each appellant, were overruled to each of these paragraphs and exceptions were taken.

The appellants answered separately, White in two and Parker in three paragraphs. White's first was directed to the first paragraph of the complaint, and the second to the second. The first paragraph of Parker's answer was a general denial, and the others were directed to both paragraphs of the com-

plaint. These paragraphs are substantially the same, and as they are unusually long we will not set them out, but will merely state the substance of them.

By these several special paragraphs the appellants admit that the appellee Elizabeth inherited one-eighth of said land from her father in 1848, but they say that the appellant White was legally appointed her guardian by the probate court of Hancock county, in 1850, where she then resided, and that during said year he made his application to said court for an order to sell her interest in said land; obtained the order, in pursuance of which he sold the land to one Eli White for its full appraised value; that said sale was reported to, approved and confirmed by the court in May, 1850, and a deed was executed to one Thomas White, the assignee of Eli, by order of the court; that said Thomas White immediately took possession of said land under such conveyance and afterward in 1851, he sold and conveyed the forty acres to the appellant White, and in 1852, the fifty-one acres to the appellant Parker, each of whom took possession of the parcel so purchased by him at the time of his purchase, and each of whom has been in the peaceable, undisturbed and adverse possession of the premises, so purchased by him, for more than twenty-five years before the commencement of this suit.

The appellees replied in two paragraphs. The first was a general denial and the other was in avoidance. In the second paragraph it was averred that appellee Elizabeth continued a minor for more than five years after such guardian's sale, and before she attained her majority she intermarried with her co-appellee, whose wife she now is and since has been. It was also averred that said guardian's sale was void in this, " that at the time of the alleged appointment of the said defendant as guardian of the plaintiff Elizabeth, one Ann White was then and there the guardian of said Elizabeth, she, the said Ann White, having been theretofore, to wit, on the 1st day of May, 1848, duly and legally appointed as such guardian

by the judge of the probate court in and for the county of Wayne, in the State of Indiana aforesaid, where the said Ann White and Elizabeth at the time resided, and having then and there in open court duly and legally qualified as such guardian and assumed and entered upon the discharge of the duties of her trust."

Demurrers for want of facts filed by each appellant to this paragraph of the reply were overruled, and exceptions reserved.

The cause was tried by a jury and a verdict returned for the appellees; over a motion for a new trial, final judgment was rendered upon the verdict.

The appellants appeal, and, among others, assign as errors the order of the court in overruling the demurrer to each paragraph of the complaint, in overruling the demurrer to the second paragraph of the reply, and in overruling the motion for a new trial.

No objection has been suggested to the first paragraph of the complaint and we discover none.

It is insisted that the second paragraph of the complaint shows that the sale through which appellants claim title was made in pursuance of an order of the probate court of Hancock county, Indiana, and that such proceedings and order can not be collaterally impeached. In support of this position the cases of *Shroyer* v. *Richmond,* 16 Ohio St. 455, and *Dequindre* v. *Williams,* 31 Ind. 444, are relied upon. The paragraph in question is very long, its averments are somewhat contradictory, and it is difficult to determine the scope of the pleading, but we have concluded, that, fairly construed, it means that while the appellant White was appointed guardian, and filed his petition for the sale of the interest in dispute, the court never ordered it sold nor did it approve the sale made by him. If so, the title acquired through the deed of appellant, as guardian of the appellee Elizabeth, did not divest her title. The other facts were sufficient, and, as the additional facts did not control or impair the force of such other facts, we think

the paragraph was good.   For these reasons we are of opinion that the court did not err in overruling the demurrer to either paragraph of the complaint.

The ruling upon the second paragraph of the reply presents a different question.   The appellants, by their answer, claim that they have been in the adverse possession of said land for more than twenty-five years before the commencement of the suit, under title derived through a sale made by the guardian of the appellee Elizabeth, which sale was ordered and confirmed by the probate court of Hancock county, Indiana, in 1850.

The statute provides that all actions for the recovery of real property sold by guardians, upon a judgment specially directing its sale, brought by a party to the judgment, must be commenced within five years after the sale is confirmed.   2 R. S. 1876, p. 122, section 211.

Any person who is under legal disabilities may bring an action within two years after the disability is removed.   2 R. S. 1876, p. 126, section 215.

The second paragraph of the reply seeks to show that the appellee Elizabeth was under disability until the commencement of the suit.   This is sought to be done, however, by connecting one disability with another, and it is well settled that this can not be done.   The disability must be a continuing one.   Angell Limitations, sec. 196 ; *Kistler* v. *Hereth*, 75 Ind. 177.

The averment, therefore, that after five years from the time the sale was made the appellee Elizabeth married her co-appellee, added nothing to the reply, and as it was not averred that her infancy continued till a period within two years before the commencement of the suit, the reply was insufficient.

Nor did the averment that the guardian's sale was void add anything to it.   The statute upon which the defence was based is a statute of repose, and it is not necessary that a person shall have a good title to invoke its aid.   Such persons do not need it.   It is only those who can not assert a good title.   It protects those who hold under void sales.

*Vancleave* v. *Milliken*, 13 Ind. 105; *Vail* v. *Halton*, 14 Ind. 344; *Brown* v. *Maher*, 68 Ind. 14; *Smith* v. *Bryan*, 74 Ind. 515.

The second paragraph of the reply was insufficient and the demurrer should have been sustained.

As all the questions sought to be raised by the motion for a new trial depend upon the evidence, which is not in the record, we can not consider them.

For the reasons given the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things reversed, at the appellees' costs, with instructions to sustain the demurrers to the second paragraph of the reply and for further proceedings.