Brenner *v.* Quick *et al.*

## No. 10,518.

### BRENNER *v.* QUICK ET AL.

MORTGAGE.—*Foreclosure.*—*Sheriff's Sale.*—*Statute of Limitations.*—*Descents.*— *Widow's Rights.*—*Notice.*—*Jurisdiction.*—*Case Criticised.*— *Inchoate Interest of Wife.*—In 1854 B., a non-resident, took title to lands, giving the vendor a mortgage for unpaid purchase-money. In 1855 he married, and in 1875 died, his wife surviving, who, September 15th, 1881, brought suit for her interest, as widow, in the lands. In 1857, in a suit against B. alone, the mortgage was foreclosed, upon default of B., the notice to him being by publication upon affidavit showing merely that B. was not a resident of the State. The land was sold under the decree, and a sheriff's deed made to the purchaser, who subsequently conveyed it, and from 1860 possession was continuously held by the purchasers, claiming title under the sheriff's sale. Suit in 1881 by widow to quiet title to one-third of the land.

*Held*, that the decree of foreclosure was void, for want of jurisdiction, in the court which rendered it.

*Held*, also, that the sheriff's sale and deed were void.

*Held*, also, that the possession under the sheriff's sale for ten years was, by virtue of the statute of limitations, R. S. 1881, section 293, clause 3, a bar to any suit by B. or any one claiming under him by title acquired after the decree.

*Held*, also, that B.'s wife acquired her interest inchoate in the land by the marriage; by his death this became vested by virtue of section 2491, R. S. 1881, and not by inheritance as his heir, under section 2483, and she was not barred by the statute of limitations. *Talbott* v. *Armstrong*, 14 Ind. 254, criticised.

From the Hamilton Circuit Court.

*F. M. Trissal, T. J. Kane* and *T. P. Davis*, for appellant.

*D. Moss, R. R. Stephenson, R. Graham* and *W. S. Christian,* for appellees.

MORRIS, C.—The appellant brought this suit against the appellees for the purpose of having her interest in 240 acres of land in Hamilton county quieted and assigned to her by partition.

The cause was put at issue and submitted to the court for trial. At the request of the parties the court found the facts and stated its conclusions of law. The finding was in favor of the appellees, and is as follows:

1. That on September 9th, 1854, Conrad M. Brenner became the owner of the lands, described in the complaint, by purchase from Christian Boston, and on the same day he executed and delivered to said Boston his mortgage, by which he conveyed to him said lands to secure the unpaid purchase-money evidenced by three notes of same date, of $700 each, the first falling due March 20th, 1855; the second March 20th, 1856; and the third March 20th, 1857; each bearing interest and waiving relief from valuation and appraisement laws.

2. At said time said Conrad M. Brenner was an unmarried man, but afterward, on the 21st day of September, 1855, he was married to the plaintiff, Catharine Brenner.

At the August term, 1857, of the court of common pleas of Hamilton county, in the State of Indiana, the said Christian Boston instituted his suit against said Conrad M. Brenner to foreclose the equity of redemption in said lands, and at said term of said court he recovered the judgment of said court that there was due him ôn the debt secured by said mortgage the sum of $822, and that the equity of redemption of said Conrad M. Brenner in and to said lands be foreclosed, and that, upon the issuing of a decretal order on said judgment to the sheriff of said county, he should sell said lands for the purpose of paying said debt; that said judgment was rendered upon default without summons or other notice than by publication in a weekly newspaper then published in said county; that the only affidavit upon which said publication was made was attached to the complaint in said suit, and is in these words: "Wm. Garver, being sworn, says that the above named Conrad M. Brenner is a non-resident of the State of Indiana.                    WILLIAM GARVER.

"Subscribed and sworn to before me March 21st, 1857.

"JAMES O'BRIEN, Clerk."

That a decretal order was afterwards issued on said judgment to the sheriff of said county, and said lands were sold by him in pursuance thereof to said Christian Boston, on the 26th day of September, 1857, for the sum of $2,572.65, and

·the said sheriff thereupon executed and delivered to said Boston his deed by which he conveyed to him the said lands, in pursuance of said sale.

3. In 1858 said Boston sold and conveyed said lands to the defendant Quick, who, on the 30th day of December, 1859, sold and conveyed the east half of the southwest quarter of section 8, township 19 north, of range six (6), to the defendant Anderson, the same being a part of said lands described in the complaint.

4. That on May 28th, 1860, the defendant Quick, claiming to be the owner of said lands under and by virtue of said sheriff's sale and deed, employed the defendant Anderson to deaden eighty acres, namely, the south eighty of the quarter section described in the complaint, and to look after said lands, pay the taxes, and see that no timber was cut on the same; also, to cut out the underbrush on the residue thereof; and thereupon said Anderson, for and on behalf of said Quick, by virtue of said employment, entered upon said lands and deadened the timber on said eighty acres, and cut the underbrush on the residue; which was done during the month succeeding said employment; that he then resided and continued to reside within a half mile of said lands, and he did, for and on behalf of Quick, continuously overlook said lands, and pay the taxes thereon until the year 1863, and until defendant Quick moved on to the lands; that he caused it to be surveyed for said Quick in 1860; that in March, 1862, defendant Quick and his brother came on to the quarter section and built a cabin on the same, and said defendant stayed there with his brother about a month, and his brother stayed there continuously, occupying said cabin until defendant afterwards moved on the land, in 1863; that defendant Quick, from the time he purchased said lands, lived in Bartholomew county, Indiana, until the year 1863, during which year he moved on to said quarter section and has continuously ever since then occupied and possessed the same exclusive of all others, claiming the sole and exclusive title thereto, under and by virtue

of said sheriff's sale and deed; that he has claimed to be the sole owner of said lands continuously since his purchase thereof from said Boston, by virtue of such purchase and said sheriff's sale and deed; that, in the year 1859, said defendant Anderson took possession of said eighty acres conveyed to him by said Quick, and has continuously since then occupied and possessed the same to the exclusion of all other persons, under a claim of the sole and exclusive title thereto, by virtue of said sheriff's sale and deed and the deed to him by said Quick. He caused twenty acres of the land to be cleared and fenced in 1862, and afterwards deadened and cleared twenty acres more. All the eighty acres was under fence by 1863. The first twenty acres were cleared under a lease which expired in 1867.

5. At the time the defendants took possession of said land it was in timber and non-productive.

6. The mortgage debt sued on in said suit of Boston against Brenner aforesaid now amounts, principal and interest, to the sum of $1,879.50; that defendant Quick has made lasting and valuable improvements on said lands, as follows:

| | |
|---|---:|
| Buildings | $1,200 |
| Ditching | 1,200 |
| Fencing | 1,500 |
| Orchard | 300 |
| Clearing | 900 |
| Total | $5,100 |

That defendant Anderson has made lasting and valuable improvements on the lands possessed by him, as follows:

| | |
|---|---:|
| Ditching | $   50 |
| Fencing | 200 |
| Clearing | 400 |
| Total | $  650 |
| Making total improvements | $5,750 |
| They have paid taxes, Anderson, $120; Quick, $240 | $  360 |
| Total | $6,110 |

They have received rents from said lands as follows:

Defendant Quick has received . . . . . . . . . . $4,590

Defendant Anderson has received . . . . . . . . 2,040

Total . . . . . . . . . . . . . . . . . . . . . $6,630

7. Conrad M. Brenner died on the 7th day of January, 1875, leaving the plaintiff surviving him as his widow, and this suit was commenced on the 15th day of September, 1881.

8. Conrad M. Brenner and plaintiff were neither ever residents of Indiana.

9. Each and all the conveyances as above found were recorded in the recorder's office of said county within thirty days after their execution.

The conclusions of law are stated as follows: "I conclude as matters of law, 1st: That said judgment of foreclosure and proceedings thereunder are void, being without jurisdiction. 2d. That they, with the sheriff's sale and deed thereunder, show color of title in the defendants. 3d. That plaintiff's cause of action is barred by the statute of limitations.

"I therefore find for the defendants.

"MARK E. FORKNER, Judge pro tem."

The appellant excepted to the conclusions of law. Final judgment was rendered for the appellees. The only error assigned, which is discussed or insisted upon by the appellant, is that which questions the correctness of the conclusions of law stated by the court.

The finding of the court shows that Conrad M. Brenner, the mortgagor and sole defendant in the foreclosure suit commenced by said Boston against him, in the court of common pleas of Hamilton county, did not appear to said suit in person or by attorney; that he was not a resident of the State, and that the only notice he had of the pendency of such foreclosure suit was that given by publication in a newspaper, founded upon the affidavit set out in the finding of the court. The affidavit was attached to the complaint, but it was not a verification of the facts stated in the complaint. To authorize

notice by publication in a suit against a non-resident, it must be made to appear by affidavit that the defendant is a non-resident, and that a cause of action exists against him, or that he is a necessary party to the suit. This constructive notice is purely statutory. In the absence of the statute, a party could not be thus brought into court. To render such service available the statute must be complied with. *Galpin* v. *Page*, 18 Wal. 350–369. The statute requires that in such cases it shall be shown by affidavit that a cause of action exists against the non-resident, or that he is a necessary party to the suit. In this case neither of these facts was shown by affidavit. It follows, therefore, that the notice was unauthorized and void. It follows, further, that the court, in said foreclosure suit, had no jurisdiction of Conrad M. Brenner, and that the judgment and decree of the court were void as against him. *Fontaine* v. *Houston*, 58 Ind. 316 ; *Johnson* v. *Patterson*, 12 Ind. 471. It further follows that because the decree of foreclosure against Brenner, the mortgagor, was void, the sale of the land in controversy by virtue of a decretal order issued upon that decree, and the conveyance made by the sheriff to Boston in pursuance of such sale, were also void, and insufficient to pass the title of Brenner to the purchaser. The mortgage was not foreclosed, and Brenner's title remained in him just as it would had there been no attempt to foreclose the mortgage.

But the appellees contend that though the proceedings to foreclose the Boston mortgage were void and insufficient to pass the title to the purchaser, yet the sale made by the sheriff and his deed to the purchaser gave color of title ; that the possession of the appellees, under said sheriff's deed and the conveyance of Boston to them, was adverse to the owner and all others, and that as neither the judgment debtor, his heirs, nor any person claiming under him by a title acquired subsequent to the date of the judgment of foreclosure, had commenced any suit to recover the land so sold by said sheriff within ten years from the day of sale, such possession has,

under the 3d clause of sec. 211, 2 R. S. 1876, p. 123, ripened into a good title, and had become, long before the death of Conrad M. Brenner, which occurred in 1875, a bar to any action which he, in his lifetime, or his heirs since his death, might have commenced for the recovery of said land.

We think the sheriff's deed, though altogether ineffectual to pass the title to the purchaser, was sufficient to give color of title. A void tax deed gives color of title, and so may a void sheriff's deed. *Pillow* v. *Roberts*, 13 How. 472; *Marston* v. *Hobbs*, 2 Mass. 433; *Bell* v. *Longworth*, 6 Ind. 273; *Van- cleave* v. *Milliken*, 13 Ind. 105.

The appellees, as we understand them, not only insist that the title acquired by them under the ten years' limitation is good, but that it had the effect to render valid and binding the decree of foreclosure obtained by Boston against Conrad M. Brenner, so that the title acquired by them under the statute is the same title which they would have acquired by the sheriff's deed, had the proceedings in the foreclosure suit been valid and not void.

In this we think the appellees are mistaken. Had the court of common pleas of Hamilton county obtained jurisdiction of Conrad M. Brenner in the foreclosure suit, the decree and the sheriff's deed made pursuant to a sale on that decree would have been valid, and such deed would relate back to, and take effect from, the date of the mortgage, and pass to the purchaser all the right and title which Conrad M. Brenner then had in the land mortgaged. As the mortgage was made before his marriage with the appellant, the deed of the sheriff, if valid, would have passed to the purchaser the entire title to the land, subject only to the right of the appellant to redeem.

But, as we have shown, the judgment of foreclosure was void, as was also the sheriff's deed. The title which the appellees acquired under the statute of limitations in no way depended upon the mortgage executed by Conrad M. Brenner to Boston. It did not relate back to the date of the mortgage so as to pass the title which Conrad M. Brenner then

had in the land in dispute. The title of the appellees was created by operation of law, and it was such only as Conrad M. Brenner had at the time the decree of foreclosure was rendered; and this effect the sale has by the express terms of the statute creating the limitation. 2 R. S. 1876, p. 123, section 211. Had Conrad M. Brenner, prior to the commencement of the foreclosure suit, conveyed the equity of redemption to a third party, the title acquired under the ten years' limitation, would not have run against or affected in any way the title of the purchaser of the equity of redemption, he not having been a party to the foreclosure suit. Nor would any interest in the equity of redemption, acquired from the mortgagor prior to the commencement of the suit to foreclose, have been affected by such foreclosure and the ten years' limitation, unless the owner of such interest had been a party to such proceedings.

The appellant's inchoate interest in the equity of redemption in the land in controversy was acquired by her marriage with the mortgagor prior to the commencement of the foreclosure suit. It was not, therefore, affected by the foreclosure suit and the operation of the ten years' limitation, she not having been a party to such suit; but upon the facts found by the court the title of Conrad M. Brenner, held by him at the time the decree of foreclosure was rendered, passed by operation of law, under the statute of limitations, section 211, *supra*, to the appellees. At law the mortgage would be held to be merged in the title thus acquired; in equity, it would be kept alive for the benefit of the appellees and the security of their title.

By her marriage to Conrad M. Brenner, though after he had executed the mortgage to Boston, the appellant acquired an inchoate interest in said real estate, which, upon the death of her husband, became vested and absolute as against his heirs and all others except as against the mortgagee upon foreclosure of said mortgage. The mere existence of the mortgage would not of itself prevent this interest, upon the death

of the husband, from vesting in possession. Its foreclosure and the sale of the mortgaged premises, pursuant to the decree of foreclosure, could alone have that effect and bar her right to one-third of the land. This mortgage was executed in 1854, after the act of 1852 in relation to mortgages took effect. The mortgage was but a security for the debt due from Conrad M. Brenner to Boston. It did not give to the mortgagee the right, as such a mortgage would formerly have done, to possession, nor could he have used it to protect his possession otherwise acquired, without foreclosing it. Nor could the appellees, as the equitable assignees of the mortgage, avail themselves of it in this suit, upon the facts found, to defeat the appellant's claim. The inchoate interest of the appellant in the land in controversy was, during the life of her husband, an appreciable interest, capable of being transferred by the joint deed of herself and husband, and it might be barred by judicial proceedings against her, but not by proceedings to which she was not a party. *May* v. *Fletcher*, 40 Ind. 575.

The appellees insist that the appellant had no interest in said land except as the heir of her husband. In this we think they are mistaken. As we have already seen, the title of Conrad M. Brenner had passed to the appellees long before his death, not by virtue of the mortgage executed by him to said Boston, but by operation of the ten years' statute of limitations, and, therefore, subject to the inchoate right of the appellant. The appellant could not, as heir, take from her husband while living; she could not take from him at his death, for at his death he had no interest in the land that could descend to her or any one else. She therefore took, upon her husband's death, her interest in this real estate, under section 27 of the descent law, in virtue of her marriage rights, not as her husband's heir, because he was not seized at his death, but was seized during coverture, and she had not joined with him in any conveyance of it. This was held in the case of *May* v. *Fletcher*, *supra*, and is, we think, clearly the law. This being so, the appellant's rights are, obviously,

not barred by the ten years' limitation. She does not take as heir, nor under her husband, within the meaning of sec. 211.

The appellant seeks in this action to recover, as the widow of Conrad M. Brenner, one-third of the real estate in controversy. The cause of action did not accrue to her until the death of her husband, in 1875. Prior to his death she could not have maintained the action. The twenty years' statute of limitations did not begin to run against this right until it accrued. It is a general rule that the cause of action must have accrued, and that there must be parties in existence to sue and be sued before the statute can begin to run. Wood Limitation of Actions, 254; *Hobart* v. *Connecticut Turnpike Co.*, 15 Conn. 145; *Murray* v. *East India Co.*, 5 B. & Ald. 204; *Granger's Adm'r* v. *Granger*, 6 Ohio, 35.

The mortgage executed by Brenner to Boston not having been foreclosed, the case, viewed most favorably for the appellees, stands as it would if nothing had been done and as if mortgage were still in force and unforeclosed. In such case, upon the death of her husband, the appellant would be entitled to have her one-third of said land set off to her in severalty, subject to the rights of the appellees under the mortgage. As the assignees of the mortgage, the appellees could not defeat the appellant's right to one-third of said land otherwise than by a foreclosure and purchase. They might, perhaps, by a cross complaint, have foreclosed the mortgage in this action, but, had such a course been pursued, the appellant might, for the protection of her interest in the land, have insisted upon her right to redeem. *May* v. *Fletcher, supra.*

It is urged by the appellees, with much earnestness and apparent force, that their title acquired through the statute of limitations, whether under the ten or twenty years' limitation, must be held to be as effectual as would have been a deed from Conrad M. Brenner to them in satisfaction and discharge of said mortgage; that as the 31st section of the statute of descents provides that where the husband purchases land during marriage, and executes a mortgage to secure the purchase-

money, the widow, though she does not join in such mortgage, shall not, as against the mortgagee, be entitled to one-third of the land, such a deed of the husband would pass to the grantee the entire title to the land, free from the claims of the widow. And *Fletcher* v. *Holmes*, 32 Ind. 497, and *Talbott* v. *Armstrong*, 14 Ind. 254, are cited in support of this proposition. We do not think these cases, as modified by *May* v. *Fletcher*, *supra*, sustain the conclusion of the appellees; nor do we think the above section applies to this case. It is not necessary that it should. As in this case the mortgage was executed before the appellant's marriage to the appellee, her rights are no greater certainly than they would be if the above section applied. As against Boston or his assignees she was not entitled to one-third of the land mortgaged. But the statement of the proposition implies, as the truth is, that, as against the heirs of her husband and all others except those holding under the mortgage, she would be entitled to one-third of said land; and this right, though inchoate, she would be entitled to protect by redeeming from said mortgage. No one doubts that the wife has this inchoate interest. It would be a mere mockery, it seems to us, if this right, given by the law, could not be protected. It could, upon the hypothesis of the appellees, be protected only by the exercise of the right to redeem. As the mortgage is a mere security, and does not of itself confer title, the right to redeem must continue until the mortgage is foreclosed. "The right to foreclose and the right to redeem are reciprocal. Since the rights of the mortgagor and mortgagee are reciprocal and commeasurable, redemption under the mortgage is cut off at the expiration of the same time that the right to foreclose is barred." Jones Mortg., section 1146; *King* v. *Meighen*, 20 Minn. 264; *Koch* v. *Briggs*, 14 Cal. 256; *Green* v. *Turner*, 38 Iowa, 112; *Haskell* v. *Bailey*, 22 Conn. 569.

If we regard the right to foreclose the mortgage as barred, it is out of the way of the appellant, and her rights are the same as they would have been had it never been executed.

Had there been no mortgage, upon the death of the appellant's husband, in 1875, though appellees had been in possession adversely for the period found by the court, her right to one-third of the land would not have been affected by such adverse possession, because the possession had not existed for twenty years, and for the further reason that her cause of action did not accrue until her husband's death, in 1875. The statute not having run the twenty years at the time of the husband's death, there was nothing to prevent, upon any hypothesis, the accruing of the right to one-third of said land, as claimed by the appellant, and against this right the statute began to run when it accrued, and not before. It was not barred, therefore, in 1881, when this suit was commenced.

If the mortgage is still alive and may yet be foreclosed, the right of the appellant to redeem continues and is not barred. We have already shown that the ten years' limitation, by its own terms, never run against the appellant, she not taking as the heir of her husband, nor under him within the meaning of section 211 of the code.

It may be proper to remark that if a deed from the mortgagor to the appellees in satisfaction of the mortgage, would, as seems to have been held in the case of *Talbott* v. *Armstrong*, have had the effect to cut off all rights of the appellant in the land conveyed, such a conclusion could be upheld only upon the assumption that such a deed would relate back to the date of the mortgage, and pass the title as it was then held by the mortgagor. We can not see how, consistently with the rules of law, such a deed could be thus held to relate back to the prejudice of a third party. *Fite* v. *Doe*, 1 Blackf. 127. But, however this may be, Conrad M. Brenner did not convey to the appellees or any one else; the mortgage has not been foreclosed, and the appellees' title, under section 211, is, by the express terms of the section, limited to titles acquired by descent, or under the execution debtor, after the date of the judgment or decree.

This case has been very fully and ably argued upon both

sides.    Upon any view of the facts that can be taken, we have reached the conclusion, not entirely without doubt, that the court below erred in its conclusions of law, and that the judgment below should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.