Filed Dec. 16, 1885.

---

No. 12,234.

WRIGHT v. KLEYLA.

REAL ESTATE, ACTION TO RECOVER.—*Sale on Judgment against Husband Alone.—Separate Deed of Wife to Purchaser.—Color of Title.—Statute of Limitations.—Disability of Coverture.*—In 1854 certain land belonging to C. was levied upon and sold to satisfy a judgment against him alone.  In 1856, his wife executed a deed, in which he did not join, to one claiming under the sheriff's sale.  In 1864, C. died, his wife surviving.  Action by the latter, in 1884, against a remote grantee to recover one-third of the land.

*Held*, that while her deed was void, it was sufficient to convey color of title.

*Held*, also, that the plaintiff's cause of action to avoid the deed which gave color of title accrued when her grantee took possession under the deed in 1856, as there was then an adverse possession of all the land.

*Held*, also, that the defendant and his grantors having been in possession

more than twenty years under color of title conferred by the plaintiff's deed, the action is barred by the statute of limitations, the plaintiff's disability of coverture not postponing the time when the statute began to run.

From the Tipton Circuit Court.

*J. M. Fippen*, for appellant.

*J. N. Waugh, J. P. Kemp* and *G. H. Gifford*, for appellee.

ELLIOTT, J.—The facts stated in the special verdict are substantially these : In 1848, the appellant became the wife of Amasa P. Casler and continued to occupy that relation until his death in December, 1864. The land in controversy was conveyed to the appellant's husband in June, 1852, and in November, 1854, was levied upon and sold to satisfy a judgment against him. In March, 1856, a deed was executed to one of the remote grantors of the appellee by the appellant, but in this deed her husband did not join.

The deed of the appellant executed in March, 1856, was not effectual to convey title; it was, however, sufficient to convey color of title to the land described, for the grantor was not a stranger, but had some interest to convey. A void deed will convey color of title. *Bell* v. *Longworth*, 6 Ind. 273; *Vancleave* v. *Milliken*, 13 Ind. 105; *Doe* v. *Hearick*, 14 Ind. 242; *Bauman* v. *Grubbs*, 26 Ind. 419; *Brenner* v. *Quick*, 88 Ind. 546, see p. 552.

The appellee and his grantors have, therefore, been in possession under color of title since March, 1856, and as this action was not brought until April, 1884, it is barred by the twenty years' statute, unless the fact that the appellant was under the disability of coverture until December, 1864, postponed the time when the statute began to run until that date. Our opinion is that the disability of the appellant did not postpone the time when the statute began to run.

The statute of limitations runs against all persons, whether under disability or not, unless they are excepted from its operation. Angell Lim., sections 476, 485.

A recent author says: "The statute of limitations begins to run against a party immediately upon the accrual of a right of action, unless at that time he was under some of the disabilities named in the statute; and a saving or exception not found in the statute will not be implied." Wood Lim. 495. This doctrine was explicitly announced in *Strong* v. *Makeever*, 102 Ind. 578, see opinion on petition for a rehearing. A like doctrine has been announced in other cases. *Breeding* v. *Shinn*, 8 Ind. 125; *Vancleave* v. *Milliken, supra; Frantz* v. *Harrow*, 13 Ind. 507; *Vail* v. *Halton*, 14 Ind. 344; *Gray* v. *Stiver*, 24 Ind. 174; *White* v. *Clawson*, 79 Ind. 188; *Wright* v. *Wright*, 97 Ind. 444.

Our statute makes no exceptions; it is general in its terms and operates upon all persons. It does, however, make special provision for persons under legal disability, but not by excepting them from its operation. The special provision which it makes is this: "Any person being under legal disabilities when the cause of action accrues, may bring his action within two years after the disability is removed." The effect of this provision is, not to change the time when the statute begins to run, in cases of persons under disability, but to allow them two years after the disability has been removed in which to bring an action. The provision proceeds upon the theory that the statute runs from the time the cause of action accrues, and, proceeding on this theory, grants two years' time after the removal of the disability, although the full time may have expired. It does not grant twenty years to an infant after he becomes of age, nor does it grant that period to a married woman after the removal of the disability of coverture, but it does grant to persons under disability two years after the removal of their disability, although the statute may have been running for full twenty years. On the other hand, it does not cut down the twenty years, for, if the period of twenty years from the time the cause of action accrued has not expired, the party is entitled to the whole of the unex-

pired time in which to bring his action. To illustrate: Suppose ten years to have expired at the time of the removal of the disability, then the party would have the unexpired period of ten years in which to sue; but, if the full twenty years had expired, then two years after the removal of the disability would be all that would be allowed the party. It is only in cases where the period of twenty years has fully expired, or where twenty years would not carry the time two years beyond the removal of the disability, that the provision we have quoted has any practical effect. If the disability continues for much more than twenty years, the party is still entitled to the two years after its removal; but, if it is removed two years before the expiration of the twenty years, then twenty years from the time the cause of action accrued is the full period allowed the party. 1 Works Pr., sec. 271, and cases cited; *Harris* v. *Rice*, 66 Ind. 267.

It is quite clear that the Legislature enacted the provision we have quoted upon the theory that the statute begins to run from the time the cause of action accrues, for, upon any other theory, the provision is utterly meaningless. If it be true that the statute does not begin to run until the removal of the disability, then the limitation would be twenty years from that time, and the provision under immediate mention would be without the slightest force, and we should be compelled to disregard it. But the rule is that no clause of a statute shall be disregarded if it is possible to give it effect. There is, however, not the slightest difficulty in giving full effect to the provision, for it is consistent with the theory of the law and in harmony with all of the provisions of the statute of which it forms a part. In that statute it has a place, and courts have no right to render it ineffective; nor could they do it without producing confusion and discord, where there is now a clear and harmonious system. The theory which gives consistency to the system and full effect to the law is, that the statute begins to run from the time the cause of action accrues, but until two years after the disability is removed

its bar is not complete, no matter how long the disability may continue.

The right of action to avoid the deed which gave color of title accrued when the appellee's grantor took possession under the deed executed by the appellant in 1856. There was then an assertion of title to the entire estate, and this was such a denial of the right of the appellant as created a cause of action. Where one tenant in common asserts possession under a deed professing to convey the entire estate, he will be deemed to have ousted his co-tenant. *Nelson* v. *Davis*, 35 Ind. 474.

The action was not brought within two years after the removal of the disability of the appellant, nor within twenty years after the right accrued, and it can not be maintained.

It is unnecessary to examine the sufficiency of the first paragraph of the answer, for the record clearly shows that the judgment does not rest on that paragraph. It has been many times held that where the record affirmatively shows that the judgment is not upon a bad paragraph, and is on a good one, an error in overruling a demurrer to the bad paragraph is harmless.

Judgment affirmed.

