Filed Feb. 17, 1887.

———◆———

No. 8948.

SIMS v. GAY ET AL.

JURISDICTION.—*Presumption.*—Where the record is silent, jurisdiction will be presumed.

EVIDENCE.—*Judgment.—Notice.—Jurisdiction.*— Where it does not appear that notice was not issued, but it does appear that jurisdiction was assumed and a final judgment rendered, such judgment is competent evidence.

REAL ESTATE, ACTION TO RECOVER.—*Color of Title.— Void Judicial Proceeding.*—A judicial proceeding under which possession is taken, although void, will constitute color of title.

SAME.—*Statute of Limitations.—Disability.—Infancy.—Marriage.*—Where the statute of limitations begins to run during infancy, it is not stayed by

a marriage during non-age, nor the time for bringing the action extended by the intervention of the latter disability.

ESTOPPEL. — *Deed.* — *Decedents' Estates.* — *Widow.* — *Executor.* — Where a widow, as executrix, appoints an assistant, under a power given in the will, who alone applies for an order to sell real estate, but she joins in the deed, and in reporting it for confirmation, she is estopped from asserting, as against her grantees, that all the land was not sold.

WILL.—*Estate During Widowhood.*—An estate limited to the widowhood of a surviving wife terminates with her second marriage.

From the Marion Superior Court.

*H. Dailey, W. N. Pickerill, J. L. McMaster* and *A. Boice,* for appellant.

*R. N. Lamb* and *S. M. Shepard,* for appellees.

ELLIOTT, J.—The questions in this case arise on the ruling denying the appellant a new trial, and it is unnecessary to notice the pleadings further than to say that the complaint is for the recovery of real property.

The trial court, over the objection of the appellant, admitted in evidence the record of the proceedings in the matter of the petition of the executor of the last will of William Nugent to sell the testator's real property to pay debts. We think there was no error in this ruling. It is true, that this record does not show that the appellant, who was a daughter of William Nugent, was notified of the petition, but, as our cases uniformly hold, the presumption is in favor of the jurisdiction of the court, and where the record is silent jurisdiction will be presumed.

In the early case of *Horner* v. *Doe,* 1 Ind. 130, it was said: " Where the record discloses nothing upon the point, jurisdiction of the person and of the subject-matter, will, the contrary not being proved, be presumed, in cases of domestic judgments of courts of general jurisdiction, where they come collaterally in question." In support of this doctrine many cases are cited, and it has been sanctioned by this court in a great number of cases. *Doe* v. *Smith,* 1 Ind. 451, p. 459; *Doe* v. *Harvey,* 3 Ind. 104; *Alexander* v. *Frary,* 9 Ind. 481;

*Waltz* v. *Borroway*, 25 Ind. 380; *Dequindre* v. *Williams*, 31 Ind. 444; *Hays* v. *Ford*, 55 Ind. 52; *Dwiggins* v. *Cook*, 71 Ind. 579; *State, ex rel.*, v. *Ennis*, 74 Ind. 17; *Iles* v. *Watson*, 76 Ind. 359, 361; *Crane* v. *Kimmer*, 77 Ind. 215, p. 219.

But there are other rules which apply here. One of these is thus stated: "Where a court of general jurisdiction assumes jurisdiction, the existence of all facts necessary to confer jurisdiction are presumed to exist. *Jackson* v. *State, etc.*, 104 Ind. 516, and cases cited. Another case thus states the rule: "Where the record does not show the contrary, nor what notice was given, it will be presumed that the proper notice was given." *Albertson* v. *State, ex rel.*, 95 Ind. 370. In the case of *Exchange Bank* v. *Ault*, 102 Ind. 322, it was said: "In considering such questions, every presumption is indulged in favor of the validity of the judgment or decree sought to be impeached." Many cases sustain this general doctrine. *Pickering* v. *State, etc.*, 106 Ind. 228, *vide* authorities cited p. 230; *Cassady* v. *Miller*, 106 Ind. 69. The court having general probate jurisdiction is a court of superior jurisdiction, so that the case is fully within the rule. *Doe* v. *Smith*, 1 Ind. 451; *Powell* v. *North*, 3 Ind. 392.

Another rule which applies here is this: Where a court has authority to determine the facts essential to its jurisdiction, its decision that it has jurisdiction can not be collaterally impeached. *Evansville, etc., R. R. Co.* v. *City of Evansville*, 15 Ind. 395; *Dequindre* v. *Williams, supra; Jackson* v. *State, etc., supra*, and cases cited; *Pickering* v. *State, etc., supra*, p. 231; *Spencer* v. *McGonagle*, 107 Ind. 410.

In this case the record does not show that notice was not issued and served, and it does appear that the court assumed jurisdiction and entered a final judgment, and this is a decision of jurisdictional questions, for it is well settled that it is not necessary to enter a formal order asserting jurisdictional authority. *Platter* v. *Board, etc.*, 103 Ind. 360, and cases cited; *Carr* v. *State, etc.*, 103 Ind. 548; *Jackson* v. *State, etc., supra, vide* p. 520.

Tested by these rules, it would seem that the record was not only competent evidence, but that it was evidence conclusive in its character.   It is, however, not necessary for us to decide at this point that it was conclusive, for it is sufficient to decide that it was competent, and this it clearly was, because, if it did not do much more, it at least proved color of title.   It is well settled that where there is a judicial proceeding, although void, under which possession is taken, it will constitute color of title.  *Wright* v. *Kleyla,* 104 Ind. 223 ; *Brenner* v. *Quick,* 88 Ind. 546, p. 552;   *Bauman* v. *Grubbs,* 26 Ind. 419;  *Doe* v. *Hearick,* 14 Ind. 242 ; *Vancleave* v. *Milliken,* 13 Ind. 105 ;  *Bell* v. *Longworth,* 6 Ind. 273.

The proceedings for the sale of the land in controversy were begun in October, 1825, and in October, 1826, the deed executed pursuant to the order of the court was confirmed.  The appellant's right of action, therefore, accrued in 1826, and as the appellees' grantor had, at least, color of title, the statute of limitations will run unless there is some bar.   The only hindrance to the running of the statute was the infancy of the appellant, but that disability was removed more than forty years before the action was brought.   When that disability was removed, she had a right to bring her action within the statutory period, and having failed to do so she is barred. It is a mistake to suppose that the statute does not begin to run during the existence of the disability, for it does begin to run, whether a disability exists or not; but, where there is an existing disability, a period of two years after its removal in which to sue is allowed by our statute.   *Wright* v. *Kleyla, supra; Barnett* v. *Harshbarger,* 105 Ind. 410; *Wright* v. *Wright,* 97 Ind. 444;  *White* v. *Clawson,* 79 Ind. 188.

The appellant, it is true, married during non-age, but this does not affect the question, because one disability can not be tacked to another.   When the statute once begins to run nothing stays its course.  *Knippenberg* v. *Morris,* 80 Ind. 540; *White* v. *Clawson, supra; Kistler* v. *Hereth,* 75 Ind. 177 ;

Wood Limitations, p. 491, section 251; Angell Limitations (6th ed.), section 197.

The will of William Nugent authorized his widow to appoint an assistant to aid her in the discharge of the duties of the trust of executing the will; she did appoint an assistant, and he, as it appears, applied for an order to sell the land, but she joined him in reporting the deed for confirmation, and also joined in the deed. This is sufficient to estop her from asserting, as against her grantees, that all of the land was not sold. *Pepper* v. *Zahnsinger*, 94 Ind. 88; *Pitcher* v. *Dove*, 99 Ind. 175.

If, however, we are wrong in holding that the appellant's mother parted with her title in 1826, still the action is barred by the statute, for the will limited the mother's estate to the period of her widowhood, and that period expired when she married her second husband in 1829. It is settled law that an estate limited to the widowhood of a surviving wife terminates with her second marriage. *Harmon* v. *Brown*, 58 Ind. 207; *Wood* v. *Beasley*, 107 Ind. 37.

It would seem from the authorities, as well as upon principle, that the case is within section 210, R. S. 1852, p. 75, but we do not deem it necessary to decide this question. *White* v. *Clawson, supra; Wright* v. *Wright, supra; Souders* v. *Jeffries*, 107 Ind. 552; *Gray* v. *Stiver*, 24 Ind. 174; *Vail* v. *Halton*, 14 Ind. 344.

It is quite clear, on the whole record, that the judgment below is right.

Judgment affirmed.

Filed Nov. 19, 1886; petition for a rehearing overruled March 15, 1887.