Goodell *et al. v.* Starr *et al.*

No. 14,633.

## GOODELL ET AL. *v.* STARR ET AL.

JUDGMENT.—*Collateral Attack.—Sufficiency of Notice by Publication.*—When notice is given by publication the judgment of the court acting upon such notice, that the publication and affidavit upon which it is based are sufficient to give it jurisdiction, is conclusive upon all parties as against a collateral attack. *Fontaine* v. *Houston,* 58 Ind. 316; *Brenner* v. *Quick,* 88 Ind. 546; and *Vizzard* v. *Taylor,* 97 Ind. 90, denied.

REAL ESTATE, ACTION TO RECOVER.—*Color of Title.—Occupying Claimants.—Purchaser at Foreclosure Sale.*—A sale of land under a decree of foreclosure is sufficient to give the purchaser and those claiming under him color of title as against all the world; and such purchaser, and those claiming under him, are entitled to the benefit, in a proper case, of the occupying claimant law.

SAME.—*Owner of Fee not Made a Party.—Effect.—Subsequent Foreclosure Against Grantee.*—A foreclosure against the motgagor after he has conveyed the land is void as to his grantee, unless such grantee is made a party to such proceedings, and joining him in the complaint, but not serving him with process, and not taking judgment against him, until after decree of foreclosure and sale of the land as against the mortgagor, will not deprive him of title to the land mortgaged, nor render the former foreclosure proceedings, as to him, valid.

SAME.—*Occupying Claimant.—Possession of Land.*—A grantee of mortgaged lands, although he has not paid off the mortgage, is entitled to the possession of the premises conveyed to him, even after foreclosure and sale as against the mortgagor; but in an action to obtain such possession, the purchaser at the foreclosure sale, who has obtained possession by virtue of such sale, may maintain a cross-complaint to have the mortgage foreclosed as against the grantee; and such mortgage may be foreclosed, and the land, if the decree is not satisfied within a time designated, may be ordered sold without relief from valuation or appraisement laws; and such grantee can not claim the possession until he has paid off the decree. Section 1085, R. S. 1881.

From the Porter Circuit Court.

*W. Johnston,* — *Winslow* and — *Varnum,* for appellants.

*A. D. Bartholomew, E. D. Crumpacker,* *W. H. Dowdell* and *W. E. Pinney,* for appellees.

McBRIDE, J.—Appellants brought this suit to recover possession of five hundred and sixty acres of land in Porter county, and to quiet their title thereto.

April 3d, 1867, one Lazarus Silverman obtained a decree of the Porter Circuit Court foreclosing a mortgage on the land in question. The sheriff of Porter county sold the land under this decree on the 7th day of June, 1867, and Silverman became the purchaser, paying $7,000 therefor. June 8th, 1868, he received a sheriff's deed, and immediately entered into possession.

The appellees are in possession, claiming under Silverman, and the possession of Silverman and those claiming under him, has been continuous from said 8th day of June, 1868, to the time of the commencement of this suit.

The mortgage which Silverman foreclosed was executed by one John W. Hughes January 3d, 1866, to one Rodney Whipple.

Whipple assigned it to Silverman on the 5th day of January, 1866, and it was duly recorded January 11th, 1866. Hughes, the mortgagor, was the owner of the land when the mortgage was made, but on the 1st day of August, 1866, with his wife, executed a warranty deed for it to one Jacob S. Goodell.

Goodell's deed was recorded February 13th, 1867, but he never entered into possession of the land, and Hughes remained in possession thereof until the expiration of the time for redemption from said sale, when he yielded possession to Silverman.

In the suit to foreclose the mortgage Hughes and wife, Goodell and wife, and some others, were named as defendants, but no process of any kind was ever served upon Goodell or his wife prior to the rendition of said decree of foreclosure, April 3d, 1867, and no decree was then rendered as against Goodell and wife, the case was as to them continued from time to time until May 7th, 1869, when, on an affidavit filed publication was ordered made as to them as non-resident defendants. September 21st, 1869, proof of publication having been made, Goodell and wife were de-

faulted, and a decree was rendered foreclosing the mortgage as against them.

No action seems ever to have been taken under the decree of September 21st, 1869.

The appellants here are the heirs of Jacob S. Goodell, who died about six years before the commencement of this suit. This suit was commenced January 3d, 1887. With other pleadings the appellees filed a cross-complaint, in which they sought the benefit of the law for the relief of occupying claimants. They also filed a cross-complaint, asking to have their title quieted.

. Counsel for appellants have filed a very earnest and well-written brief, but the questions discussed by them can not be considered by this court. Their argument is, in the main, addressed to the proposition that the affidavit upon which publication was ordered in May, 1869, was not sufficient to justify the order for publication; that as a consequence the judgment recovered against Goodell, September 21st, 1869, was void, for the reason that the court did not acquire jurisdiction by such defective notice; and that before the commencement of this suit the statute of limitations had barred any action on the original note and mortgage, so that they can not now form the basis of any claim on the part of appellees.

As appellees are in possession under a sheriff's sale, made more than two years before the rendition of the decree of foreclosure of September 21st, 1869, it is apparent that it is altogether immaterial whether the latter judgment is void or not. In view, however, of the earnestness and evident sincerity with which appellants have discussed this question, we will say, in passing, that the cases of *Fontaine* v. *Houston*, 58 Ind. 316, *Brenner* v. *Quick*, 88 Ind. 546, and *Vizzard* v. *Taylor*, 97 Ind. 90, do not state the rule recognized by this court relative to judgments or decrees rendered on service of notice by publication. The cases of *Quarl* v. *Abbett*, 102 Ind. 233, *Field* v. *Malone*, 102 Ind. 251, *Picker-*

*ing* v. *State,* 106 Ind. 228, *Kleyla* v. *Haskett,* 112 Ind. 515, *Essig* v. *Lower,* 120 Ind. 239, and many others decided since the case of *Quarl* v. *Abbett, supra,* lay down that which we regard as the correct rule on that subject. When notice is given by publication the judgment of the court acting upon such notice, that the publication and the affidavit upon which it is based are sufficient to give it jurisdiction, is conclusive upon all the parties as against a collateral attack.

As heretofore said, appellees hold under Silverman, whose title rested on the foreclosure sale of June 7th, 1867. The ancestor of appellants was not before the court when that decree was rendered, and it does not purport to bind him. The foreclosure at that time was only against such parties as had previously been served. Goodell at that time held the legal title, and the sale under that decree was void as to him, and the court below correctly held that appellants, as his heirs, were the owners and entitled to the possession of the land. It also correctly refused to quiet appellees' title thereto.

The decree of foreclosure and the sheriff's sale, although void as to Goodell, was sufficient to give to Silverman and those claiming under him color of title. *Sims* v. *Gay,* 109 Ind. 501 ; *Wright* v. *Kleyla,* 104 Ind. 223 ; *Brenner* v. *Quick,* 88 Ind. 546 ; *Bauman* v. *Grubbs,* 26 Ind. 419 ; *Doe* v. *Hear-ick,* 14 Ind. 242; *Vancleave* v. *Milliken,* 13 Ind. 105 ; *Bell* v. *Longworth,* 6 Ind. 273 ; *Pillow* v. *Roberts,* 13 How. 472 ; *Marston* v. *Hobbs,* 2 Mass. 433.

Being in the occupancy of the land under color of title they were entitled to the benefit of such statutory provision as the Legislature has made in behalf of occupying claimants.

The court found generally for the plaintiffs on their complaint, that they were the owners and entitled to the possession of the land in controversy, and made the following finding on defendants' cross-complaint :

"And the court also finds for the defendants, Phebe E.

Starr, Kitty L. McGill, Andrew B. Pierce, Louis Kendt and ——— Kendt, on their cross-complaints herein, that they are in possession of said land under and by virtue of a certain sheriff's deed executed to one Lazarus Silverman on the —— day of June, 1868, conveying said real estate, and by several *mesne* conveyances thereafter made, and supposed themselves to be the owners thereof in fee simple; and the court further finds that the said sheriff's deed to said Silverman was ineffectual to convey the title to said land; and the court further finds that under such color of title said defendants have made lasting improvements on said land, and paid the taxes and assessments thereon, and that the rents and profits of said real estate since the defendants have been in possession thereof under such color of title are equal to the taxes and assessments paid and improvements made thereon; and the court further finds that at the time said Jacob S. Goodell became the owner of said real estate, said real estate was encumbered by a mortgage, which was afterwards assigned to said Silverman, through which he obtained his sheriff's deed; that said mortgage was never regularly foreclosed against said Jacob S. Goodell or his heirs, and that the said real estate, and the interests of plaintiffs therein, are subject thereto, and that there is due thereon the sum of sixteen thousand dollars; that the same is a valid and first lien on said land, and that said land is bound for the payment thereof, and that said land is worth twelve thousand dollars."

Upon the findings thus made it was adjudged by the court:

1st. That the plaintiffs (appellants) were owners in fee simple, and entitled to the possession of the land in controversy; and,

2d. The following order was made:

"And it is further adjudged and decreed by the court that the mortgage lien of the defendants on said real estate be and the same is hereby foreclosed, and that the equity of redemption of the plaintiffs, and each of them, and any person or

Goodell *et al. v.* Starr *et al.*

persons claiming by, through or under them in and to said real estate, be and the same is hereby forever barred and foreclosed; * * * and it is further ordered by the court that the plaintiffs shall, within the next sixty days, pay to the clerk of this court for the use of said defendants the sum of sixteen thousand dollars ($16,000), together with the costs of this action, with interest; and in default of such payment within said time, it is ordered that the said real estate, or so much thereof as may be necessary to pay said sum of sixteen thousand dollars and interest thereon, and costs, and accruing costs, shall be sold by the sheriff of Porter county as other lands and tenements are sold upon execution at law, without relief from valuation or appraisement laws, and after such sale plaintiffs shall have no right of redemption of said property."

This finding and judgment is, in all essential matters, in substantial compliance with the statute. .

We think the conclusion reached by the learned and able judge who tried the cause below is not only legally correct, but that it accords with every principle of equity and justice. An examination of the evidence discloses the fact that appellants' ancestor, through whom they claim the land, never had any actual interest in it. He was a tenant of the debtor and mortgagor, Hughes, renting of him and occupying another farm. He was not worth, when the deed was made, to exceed $300. He paid no consideration whatever for the deed, and made no effort at any time to take possession of the land. Before he could have justly claimed the land he should have paid the $8,000 mortgage, which was a valid lien on it when he took his deed.

Appellants' claim is absolutely without merit.

Judgment affirmed, with costs.

Filed Feb. 7, 1891.