## EMELLE v. SPINNER, AS ADMINISTRATOR.
### (No. 683.)

EXECUTORS AND ADMINISTRATORS—FILING ACCOUNT—DISTRIBUTION—
NOTICE—FAILURE TO PUBLISH—OBJECTIONS—BURDEN OF PROOF—
DIVORCE—JUDGMENT—COLLATERAL ATTACK.

1. The failure of an administrator to publish notice of final set-
   tlement as required by statute does not affect a party ap-
   pearing in the absence of such publication of notice and
   objecting to the allowance of the final account and petition
   for distribution.

2. One excepting to the final report of an administrator and his
   petition for distribution, on the ground that she is the sur-
   viving widow of the decedent, and, as such, is entitled to
   share in the distribution of the estate, and to have included
   in the assets of the estate an alleged homestead, must estab-
   lish the fact that she is the surviving widow in order to
   obtain the relief sought.

3. A decree granting a divorce cannot be collaterally attacked
   upon the ground of the alleged insufficiency of the affidavit
   for service by publication, where the defendant had ap-
   peared specially in the divorce action and questioned the
   jurisdiction of the court on the ground of the alleged in-
   sufficiency of said affidavit, and the court in that action
   passed upon the question and held the affidavit sufficient.

4. Where, in an action by a husband for divorce, the wife ap-
   peared specially for the purpose of questioning the juris-
   diction of the court on the ground of the alleged insuf-
   ficiency of the affidavit for service by publication, and the
   court passed upon the question and held the affidavit to be
   sufficient, the decree in the action granting divorce is not
   subject to collateral attack by the wife upon exceptions to
   the final report and petition for distribution of the admin-
   istrator of the estate of the husband, the husband having
   died subsequent to the divorce decree.

[Decided September 10, 1912.]          (126 Pac. 397.)

ERROR to the District Court, Uinta County; HON. DAVID
H. CRAIG, Judge.

Karl Spinner, as administrator of the estate of Stephen
P. Emelle, deceased, having presented his final report and
petition for distribution, one Sodonie Emelle, claiming to be

the surviving widow of the deceased, filed objections and exceptions to the said final report and petition for distribution, alleging, among other things, that a decree of divorce which had been granted the deceased in his life time was void, and that certain real estate which had been conveyed by the deceased subsequent to said void decree was his homestead, and should be included in the assets of the estate. By the judgment the exceptions were overruled, and the final account was allowed and distribution directed in accordance with the petition of the administrator. Sodonie Emelle brought error. The other material facts are stated in the opinion.

*P. W. Spaulding,* for plaintiff in error.

Upon the agreed facts the decree of divorce was void, for the reason that the affidavit for service by publication was insufficient. (Comp. Stat. 1910, Sec. 4368; Cordray v. Cordray, 91 Pac. 781; Atkins v. Atkins, 9 Neb. 191, 2 N. W. 466; Carnes v. Mitchell, (Ia.) 48 N. W. 943; Long v. Fife, 45 Kan. 271, 25 Pac. 594, 23 Am. St. 724; Lobell v. Stock Oil Co., (Wyo.) 115 Pac. 69.) The divorce decree being void, the District Court should have found that plaintiff in error was the surviving widow of the deceased and that she was entitled to her share in the distribution of the estate as one of the heirs. Any deed or conveyance of the homestead by the husband subsequent to the void divorce decree, without the consent and acknowledgment of the wife, was void. (Comp. Stat. 1910, Sec. 3662; Jones v. Losekamp, (Wyo.) 114 Pac. 675; 98 S. W. 214; Jones v. Kepford, (Wyo.) 100 Pac. 925; Arnett v. Reade, U. S. Sup. Ct. Reporter, Adv. Sheets, May 1, 1911, 426.) This court in this proceeding may render such judgment as should have been rendered by the trial court. (Comp. Stat. 1910, Sec. 5125.)

The question as to the sufficiency of the service in the divorce case is not *res judicata.* (Bishop v. Smith, (Kan.) 72 Pac. 221; Felix v. Roseberger, 10 N. J. L. 79; 23 Cyc. 1089, note 79; 1 Van Vleet Former Adjudication, 97.)

*Walter B. Dunton,* for defendant in error.

The decree of divorce shows that the defendant in that suit was duly served with summons, and the jurisdictional fact thus appearing by the decree, it cannot be questioned in this collateral proceeding. (1 Bates Pl. & Pr. 617; Rice v. Tilton, 14 Wyo. 101.) Again, the laches of plaintiff in error bars her from questioning the decree at this time. The divorce decree did not depend alone upon the service obtained by the first affidavit, for the plaintiff in error appeared in that suit specially and moved to quash the service, and the court entered an order allowing the affidavit to be amended, and allowing the defendant time in which to answer or otherwise plead, and no answer or other pleading was filed. The statute provides a method for the vacation of a judgment for irregularity. (Comp. Stat., Sec. 4650.) That remedy must be pursued within three years after the rendition of the judgment. (Id., Sec. 4659.) And one of the conditions for opening the judgment in such case is that the complaining party had no actual notice of the suit in time to defend. The plaintiff in error had full notice of the proceedings, but waited five years before making any objection. The authorities cited by opposing counsel are not in point, for the judgments in the cases cited rested upon one affidavit alone, and the defendant acted in a reasonable time. The decision of the court upon the motion to quash service in the divorce suit was *res judicata,* the defendant in the suit not having appealed from the decision. (32 Cyc. 529; Williams v. Browning, 45 Mo. 475.) A defective affidavit for service by publication may be amended. (32 Cyc. 536; 1 Bates Pl. & Pr. 612.) The divorce having been lawfully granted, the plaintiff in error has no interest in the estate and no right to object to the final account, or the distribution of the estate of her deceased husband, or to have included in the assets of the estate land which was conveyed by her husband after the divorce and prior to his death. Having been divorced from her husband, plaintiff in error was not required to sign the

deed. (Arp v. Jacobs, 3 Wyo. 590.) There is no showing that plaintiff in error at any time lived with the deceased on the land in question after 1904, but as a matter of fact, she was living in Idaho. If any presumption obtains upon the evidence, it is that plaintiff in error was living separate and apart from the deceased and had abandoned whatever rights of homestead she may once have had, and had lost all such rights, regardless of the question of divorce. (Ullman v. Abbott, 10 Wyo. 97.)

The acts of an administrator will not be disturbed except on affirmative evidence that he has erred. The burden of proof was upon plaintiff in error. While, if plaintiff in error has any interest in the land, she might question the conveyance thereof in an action against the grantees, she has no right to insist that the land be included in the assets of the estate after it has been conveyed to other parties.

SCOTT, JUSTICE.

The defendant in error having administered upon the estate of Stephen P. Emelle, deceased, filed his final account, report and petition for distribution of the estate in the District Court of Uinta county. The plaintiff in error, by her attorney, filed objections and exceptions to the report and petition alleging as grounds therefor the following reasons:

"1. Objects to the allowance of said final account and report and petition for distribution because no notice of the filing thereof has been given as provided by law.

"2. Objects to the allowance of said final account and report and petition for distribution because said report and petition are untrue in this, that no mention is made therein of said Sodonie Emelle, who at the time of the death of said Stephen P. Emelle was the lawful wife of deceased and survived said deceased and is now living and is entitled to share in the distribution of the estate of said deceased under the laws of the State of Wyoming.

"3. Objects to the allowance of said final account and report and petition for distribution because no mention is

made therein of the homestead of said deceased and of his said wife, being the east half of the northwest quarter and the west half of the northeast quarter of section eight in township twenty-five north, range one hundred eighteen west of the 6th principal meridian, in Uinta county, Wyoming, and conveyed to said deceased as his homestead by patent from the United States dated December 20, 1904."

The parties agreed upon the facts and the case was submitted to the court upon a statement thereof and the court found and gave judgment in favor of the administrator and directed payment of the balance in his hands to Margarete Emelle, daughter of deceased, and Sodonie Emelle brings error. It was agreed (1) That in the final account and petition for distribution no mention is made of Sodonie Emelle, but it is therein stated that Margarete Emelle is the daughter of said deceased and is sole heir to his estate; (2) That during and prior to 1904 deceased and said Sodonie Emelle were husband and wife and lived together as such; (3) That on December 21, 1904, deceased commenced suit against said Sodonie Emelle in the District Court of Uinta county for divorce; (4) That on April 8, 1905, said action for divorce came on for hearing on a special appearance and motion to quash the service of the summons which motion was denied and the plaintiff therein was given leave to file an amended affidavit for publication of notice; (5) That no further or other appearance was made by the said Sodonie Emelle in or to said action; (6) That on April 26, 1905, an amended affidavit for publication was made and filed, but without further publication and without any notice of the filing of the amended affidavit, the default of defendant was taken and a decree of divorce was entered; (7) That at the date of the decree of divorce the deceased owned the real estate above described and claimed by Sodonie as a homestead, and that subsequent to the entry of such decree the deceased conveyed the land for a consideration by a deed in which said Sodonie did not join, nor has she ever joined in or executed any deed or transfer of the same to

any one. The value of the estate as shown by the appraisers' report was $375.50. The amount on hand for distribution as shown by the final report was $51.20. The debts had all been paid.

The failure if true in the exceptions to publish the notice of final settlement did not affect plaintiff's right, as she appeared without such notice.

It will be observed that by the exceptions to the report and petition for final distribution that the plaintiff in error, under the claim of being the surviving widow of deceased, sought to share in the distribution of the assets of the estate, and to include in such assets the alleged homestead. It was necessary for her to establish the fact that she was the surviving widow, in order to obtain the relief sought. Her contention brings up the question as to whether she was the surviving widow of deceased, and it is here argued that the decree of divorce was not voidable, but void for want of personal jurisdiction of the defendant in that case.

It is provided by paragraph 6 of Sec. 4366, Comp. Stat. 1910, that service by publication may be had in suits for divorce. By Sec. 4367 id. it is provided that "In any case in which service by publication is made under the provisions of the preceding section, when the residence of a defendant is known, it must be stated in the publication; immediately after the first publication the party making the service shall deliver to the clerk copies of the publication, with the proper postage, and the clerk shall mail a copy to each defendant, directed to his residence named therein, and make an entry thereof, on the appearance docket; and in all other cases the party who makes the service, his agent or attorney, shall, before the hearing, make and file an affidavit that the residence of the defendant is unknown, and cannot with reasonable diligence be ascertained." Sec. 4368 is as follows:

"Sec. 4368. Before service by publication can be made, an affidavit of the party, his agent or attorney, must be filed showing that service of a summons cannot be made within

this state, on the defendant, to be served by publication, and
that the case is one of those mentioned in Sec. 4366; and
when such affidavit is filed, the party may proceed to make
service by publication." The affidavit filed in the divorce
case as the basis for publication of the notice as shown by
the bill of exceptions is as follows:

"State of Wyoming,  }
  County of Uinta.   } ss.  In the District Court of said county

Stephen P. Emelle,        ⎫
          Plaintiff,      ⎪
     vs.                  ⎬ Affidavit for publication of summons.
Sodonie Emelle,           ⎪
          Defendant.      ⎭

"R. S. Spence, being first duly sworn, deposes and says
that he is the attorney for the plaintiff herein, Stephen P.
Emelle, that service of summons in the above entitled cause
cannot be upon the said defendant, Sodonie Emelle, within
this state, the State of Wyoming; that her place of resi-
dence cannot by reasonable diligence be ascertained and is
unknown.                               R. S. SPENCE.

"Subscribed and sworn to before me this 3rd day of
January, 1905.                    ROBERT MILLER,
     "(Seal.)                       Clerk of Court."

The order made upon the hearing of the motion to set
aside the service is as follows:

"The motion to set aside the service of summons in this
action coming on for hearing this day, and the court being
fully advised in the premises;

"It is hereby ordered, adjudged and decreed that said
motion be denied, that the plaintiff be allowed to file an
amended affidavit for publication, and that the defendant be
allowed thirty days to answer or otherwise plead in this
action, to all of which the defendant excepts. Dated April
6, 1905."

The default of the defendant was taken June 12, 1905,
as shown by the following journal entry:

"The State of Wyoming, County of Uinta. } In the District Court.

Stephen P. Emelle, Plaintiff, vs. Sodonie Emelle, Defendant. } Default.

"Comes now the plaintiff herein by R. S. Spence, attorney, and shows to the court that due service of summons by publication of the pendency of this action, was had upon the above named defendant, and that said defendant has failed and neglected to answer or otherwise plead to plaintiff's petition herein; Whereupon, on motion of plaintiff's attorney and by order of court, the defendant is three times called and answered not herein makes default."

The decree of divorce with the exception of the title is as follows:

"This cause coming on to be heard this 12th day of June, A. D. 1905, upon the petition herein taken as confessed by the defendant whose default for not answering had been duly entered upon the proofs taken herein, from which it appears that all the material allegations of the petition are sustained, and it also appearing to said court that the defendant was duly served with the summons and all and singular the law and the premises being by the court here understood and fully considered;

"Wherefore, it is here ordered, adjudged and decreed, and this does order, adjudge and decree that the marriage between the said plaintiff, Stephen P. Emelle, and the said defendant, Sodonie Emelle, be dissolved, and the same is hereby dissolved, and the said parties are and each of them is freed and absolutely released from the bonds of matrimony, and all the obligations thereof."

The affidavit for publication was before the court and by a special appearance a ruling upon its sufficiency was invoked by the defendant in that case. It is not a case where there is an entire absence of an affidavit. The court denied

her motion and thereby held the affidavit sufficient to authorize the service by publication. Her special appearance was for the purpose of questioning the jurisdiction of the court by reason of the alleged insufficiency of the affidavit. This was in the nature of a direct attack and raised the same question which she sought to raise collaterally and have re-tried in this case. The court had jurisdiction to pass upon the question of the sufficiency of the affidavit as affecting its jurisdiction and having done so the question in the absence of any appeal therefrom or vacation of the order in so far as it affects this case must be held to be *res adjudicata*. (12 Ency. Pl. & Pr. 211; Collins et al. v. Ryan et al., 32 Barb. (N. Y.) 647.) The sufficiency of the affidavit for service by publication was for the court in that case and that court having passed upon that question the same is good as against collateral attack. (Belmont v. Cornen et al., 82 N. Y. 256; Fowler v. Whiteman, 2 O. St. 271, 286; Callen v. Ellison et al., 13 O. St. 446, 455, 82 Am. Dec. 448; Rhodes v. Green, 35 O. St. 387, 394; Richards v. Skiff et al., 8 O. St. 586; Hammond v. Davenport, 16 O. St. 178; Lessee of Boswell et al. v. Sharp et al., 15 O. St. 447; Lessee of Irvin v. Smith, 17 Ohio, 226, 243; Lessee of Morgan et al. v. Burnett, 18 Ohio, 535.) The Ohio cases above cited are under the chancery practice. where service by publication was upon order of the court, and the affidavit as required by the statute was not involved. They are, however, considered as applicable to the question of collateral attack as here presented, for in each the court passed upon the proof of service in pursuance of the order, and when the court found from the proofs that the service had been duly made, or that the proofs were sufficient, or that service was shown to have been in conformity to the order, then such finding when carried into the judgment rendered the service good as against a collateral attack. The court in the case here passed upon the sufficiency of the affidavit when attacked directly, and ruled adversely to the contention of the defendant. That

was a judicial determination of the question by the trial court invoked by the defendant in that case, and such ruling being within the jurisdiction of that court (Essig v. Lower et al., 120 Ind. 239, 244, 21 N. E. 1090) binds the defendant in that case, plaintiff in error here, as against a collateral attack. (Stevens et al. v. Reynolds, 143 Ind. 467, 484, 41 N. E. 931, 52 Am. St. Rep. 422; Dowell v. Lahr et al., 97 Ind. 146, 153; Goodell v. Starr, 127 Ind. 198, 26 N. E. 793; Bennett v. Wilson, 85 Am. St. Rep. 207, 212, 133 Cal. 379, 65 Pac. 880; Rogers v. Miller, 13 Wash. 82, 42 Pac. 525, 52 Am. St. Rep. 20; Bradley v. Doone, 187 Ill. 175, 58 N. E. 304, 79 Am. St. Rep. 214; Bank of Colfax v. Richardson, 34 Or. 518, 54 Pac. 359, 75 Am. St. Rep. 664; Repine v. McPherson, 2 Kan. 340; Dietrich v. Lang, 11 Kan. 636; Claypoole v. Houston, 12 Kan. 324; Harrison v. Beard, 30 Kan. 532, 2 Pac. 632; Williams v. Moorehead et al., 33 Kan. 609, 7 Pac. 226.)

We need not here discuss the question as to whether an amended affidavit could be properly filed. No such affidavit is in the record. We place our decision solely upon the proposition that the court having jurisdiction to pass on the sufficiency of the affidavit for service by publication in the divorce proceeding, and having done so upon a direct attack that question became and was, in the absence of an appeal, *res adjudicata* as between the parties to that proceeding, and that being so, for the purposes of this case, the plaintiff in error failed to show that she was the surviving widow of the deceased, and for that reason under our statute she was neither entitled to a homestead, nor to exempt personal property nor as a distributee in the estate of the deceased. It follows that the judgment must be affirmed. *Affirmed.*

BEARD, C. J., and POTTER, J., concur.