## Norvell v. Oury.

Where one party applies for a commission to take the deposition of a witness, and the opposite party fails to file cross-interrogatories, the party at whose instance the commission was issued may decline, on the trial, to read the deposition, and the opposite party will have no right to read it. (Hart. Dig. 731.)

In testing the correctness of a charge from the Judge to the jury, it must not be taken as an abstract proposition, but must be considered in connection with the issue and the evidence.

Where the plaintiff sues on a promissory note and the defendant answers that the note was given for money won at cards, evidence that the note was given under another jurisdiction where money won at cards was a good consideration is not admissible. In order to let in such evidence, the facts should be pleaded in the original petition, or by way of replication to the answer of the defendant.

Appeal from Bexar.

*D. C. Van Derlip*, for appellant.

*Hewitt & Newton*, for appellee.

Lipscomb, J. This suit was brought on a promissory note made by the defendant, payable to the plaintiff. The defence set up against the note was that it was given on a gambling consideration for money won at cards, and there was a verdict and judgment for the defendant.

The first error assigned, is the ruling of the Court in refusing to permit the plaintiff to read a deposition of a witness taken at the instance of the defendant. The bill of exceptions shows that the deposition was taken without any cross-interrogatories, but that the deposition was filed among the papers of the suit. Art. 731 (Hart. Dig.) is as follows: "Both parties shall be considered as having a joint interest to (in ?) all depositions where cross-interrogatories have been filed and answered, and either party shall have a right to use such depositions on the trial."

It is believed, that the right being given to use the deposition where cross-interrogatories had been filed and answered, repudiates such right, unless the cross-interrogatories had been so filed and answered.

The second assignment, that the Court erred in charging the jury that " If from the evidence you believe the consider-"ation for which this note was given was an indebtedness for "money lost in a gaming affair, you must find a verdict for "the defendant, it matters not where the matter occurred."

It is a well settled rule, that in testing the correctness of the charge of the Judge to the jury, the charge is not to be taken as an abstract proposition, but must be considered in connection with the issue and the evidence. Now, the pleading did not admit of any evidence to show that the contract was made at any other place, or under any other jurisdiction, where, by the rule *lex loci contractus*, a consideration of the contract, although illegal here, would be valid and binding, and consequently could be enforced here, if not within the exceptions to the rule, that the validity of a contract must be tried according to the law of the place where it is entered into. Had it been alleged in the petition, or by way of replication to the plea setting up the unlawful consideration of the notes, that it had been entered into in the State of California, and that the consideration was a good and valid one by the laws of that State, the foundation would have been laid for letting in proof of those facts ; but these facts were not alleged and no proof of their existence was admissible, and the Court could not be called upon to say what would have been the effect if the contract had been made in another State. The contract stood before the Court and the jury, on the issues presented, as one of entirely a domestic character, and to the jury, it was entirely immaterial, in point of fact, where it was really entered into; therefore there was no error in the charge. Until the question is presented properly and legally for our decision, we will forbear the expression of an opinion, whether a contract founded on a gambling consideration invalid by

our own law, can be enforced in our Courts, when entered into in a foreign State where such consideration would be valid and lawful. We believe the evidence fully sustained the defence set up, and that the Court did not err in refusing a new trial. The judgment is affirmed.

Judgment affirmed.