ANDREW AND JANE DURNETT v. RICHARD WHALEY.

(No. 639.)

BOND — MOTION TO QUASH.— Motion to quash a sequestration bond must point out its supposed defects.

SHERIFF'S DEED.— Where W. bid off property at sheriff's sale and S. advanced the money, and by an arrangement between them the sheriff's deed was made to S., there was no such irregularity as would affect the legality of the sale.

ATTORNEY'S FEES ALLOWED, WHEN.— Attorney's fees may be allowed in proper cases as actual damages, but it is necessary to plead and show such damages specially.

APPEAL from Galveston county. Opinion by WATTS, J.

STATEMENT.— Appellee instituted this suit against the appellant on the 7th day of August, 1874, to recover the possession of a certain two-story wooden house and cook-house, cistern, back-house and fencing, and all tenements situated on lot No. 12, block No. 507, in the city of Galveston. At the same time he sued out a writ of sequestration on the ground, as stated in the petition, etc., "that he fears that defendants, Andrew and Jane A. Durnett, who are in possession of said property, will waste the said premises, houses, etc., during the pendency of this suit. The writ of sequestration was levied on the 15th day of August, 1874, and the property was left in the possession of appellants, who afterwards replevied the same. On the 10th day of August, 1874, the appellants answered by general demurrer, general denial, and further in these words: " And further answering, defendants say that plaintiff has maliciously and wrongfully sued out a writ of sequestration in said cause, wherefore defendants say that they have been damaged in the sum of $5,000, and of this they put themselves upon the country."

On the 18th day of February, 1875, appellee filed an amended petition in which the cause of action is more particularly stated.

Among the innumerable papers filed with the record we find an amended transcript sent up by the clerk of the dis-

trict court, in response to a *certiorari* from the supreme court. This contains what purports to be an amended answer, and has no file-mark upon it, and the district clerk certifies, in effect, that the same was not among the papers at the time the transcript was made up, and that the record showed no leave of the court to file the same, and that the district court refused to permit the same to be filed *nunc pro tunc.*

The appellants moved to quash the writ of sequestration, " because the same was issued without such a bond as the law contemplates." This motion was overruled and the point saved by bill of exception. On the trial the court charged the jury as to the title to the property, and the right of possession thereof, but gave no charge on the question of damages for wrongfully and maliciously suing out the writ of sequestration. Appellants asked the court to give the jury three special charges.

1. If Whaley bid off the property and failed to pay the amount of his bid on the day of sale, then that he has no title.

2. That if the sequestration was sued out wrongfully, and without probable cause, and that defendants were not about to waste the house at the institution of the suit, then the jury are authorized to give the defendants such damages as the proof shows they have sustained.

3. That if the same was sued out by plaintiffs without probable cause, and with the malicious intent to injure the defendants, then the jury are authorized to award exemplary damages.

These charges were each refused by the court, and the point saved by a bill of exceptions. The trial resulted in a verdict and judgment in favor of appellee and against appellants, for the possession of the property, and $85 for rent of the same. Motion for new trial made and overruled. Appellants appealed and assigned the following errors:

1. The court erred in refusing to quash the writ of sequestration.

2. The court erred in refusing to give instruction No. 1, asked by defendants.

3. The court erred in refusing to give instruction No. 2, asked by defendants.

4. The court erred in refusing to give instruction No. 3, asked by defendants.

5. The court erred in overruling defendants' motion for new trial.

6. The verdict is uncertain and vague in this: that it does not show the value of the property in controversy.

7. The verdict and judgment are contrary to law in this: that a married woman is sought to be made liable for ground rent.

Opinion.— The motion to quash the sequestration bond was properly overruled by the court. The bond, in its terms and conditions, is in compliance with the statute then in force; besides, the said motion fails to point out any supposed defect in the same. P. D., art. 5096.

The court did not err in refusing to give the first instruction asked by appellants. There was no evidence in the case calling for or to which the same is applicable; it appears that Whaley bid off the property at sheriff's sale; that Strickland advanced the money, and by an arrangement between them, the sheriff's deed was made to Strickland; and in our opinion there was no such irregularity as would affect the legality of the sale. Norvell v. Phillips, 46 Tex., 162; Norvell v. Oury, 13 Tex., 31.

General damages only are averred in the answer of appellants, while the damages claimed by the testimony is for attorney's fees and for loss of time in getting securities on their replevy bond. The former is not allowed as actual damages in cases like the one before us. Landa v. Obert, 45 Tex., 539. The latter may be allowed in proper cases as actual damages, but it is necessary to plead and show such damage specially. Wallace v. Finberg, 46 Tex., 35; Harris v. Finberg, 46 Tex., 79.

There is no evidence whatever showing that appellee was actuated by malice in suing out the writ of sequestration, and on this ground the court rightly refused to give the third instruction asked by appellants.

The objection to the verdict of the jury is not well.taken. It finds for the plaintiff the possession of the property, and also $85, as the rent of the same. The value of the property in controversy was not an issue in the case.

It is objected that Mrs. Jane Durnett is a married woman and that it was erroneous to render judgment against her for the $85. If she is a married woman, her privilege as such is not asserted in her answer, nor is the fact shown by the evidence.

Affirmed.