## SELL ET AL. *v.* KEISER ET AL.

[No. 7,345.  Filed December 15, 1911.]

1. TRIAL.—*Special Findings.—Conclusions of Law.—Demurrer to Complaint.—Appeal.*—Where the facts within the issues are fully and correctly found, exceptions to the conclusions of law present the same questions as the rulings on the demurrers to the pleadings.  p. 102.

2. GUARDIAN AND WARD.—*Sales of Real Estate.—Setting Aside.—Limitation of Actions.—Statutes.*—Under §295 Burns 1908, subd. 4, §293 R. S. 1881, providing that actions "for the recovery of real property sold by * * * guardians or commissioners of a court, upon a judgment specially directing the sale of property sought to be recovered, brought by a party to the judgment, his heirs, or any person claiming a title under a party, acquired after the date of the judgment," shall be commenced within five years from the date of confirmation of such sale, the heirs of an insane ward whose land was sold in 1900 by a commissioner appointed on an order of sale made upon the guardian's *ex parte* application to sell such real estate for the payment of debts, and for other purposes, are barred from maintaining a suit in 1906 to set aside such sale, even though such sale was void.  pp. 103, 107.

3. JUDGMENT.—*Final.—Decree for Sale of Real Estate of Ward.*—An order for the sale of real estate, made on an *ex parte* application of a guardian, constitutes a final judgment.  p. 107.

4. GUARDIAN AND WARD.—*Sales of Real Estate.—Recovery of.—Setting Aside Deed.—Statutes.*—A suit to set aside a sale of real estate made by a commissioner appointed by the court in an

*ex parte* application by a guardian for the sale of his ward's real estate, constitutes an action for the "recovery" of such real estate within the meaning of §295 Burns 1908, subd. 4, §293 R. S. 1881, providing that all actions "for the recovery of real property sold by executors, administrators, guardians, or commissoners of a court," shall be brought within five years from the date of confirming the deed. p. 107.

5.  STATUTES.—*Construction.*—*Intent.*—In construing a statute the intent should control the strict letter thereof, where adherence to the strict letter of the statute would lead to absurdity. p. 108.

From Whitley Circuit Court; *Lemuel W. Royse,* Judge.

Suit by Lydia Sell and others against Rachael Keiser and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*Andrew A. Adams,* for appellants.
*Adair & Strong,* for appellees.

FELT, C. J.—This suit was brought by appellants to set aside a guardian's sale of real estate and to have said real estate reoffered for sale.

The following errors are relied on for reversal: (1) Overruling the demurrer to the third paragraph of appellee Rachael Keiser's answer to the complaint, and (2) in stating the second, third, fourth, fifth and sixth conclusions of law.

Upon proper request, the court made a special finding of facts and stated its conclusions of law thereon, to which appellant duly excepted. Where this is done, and the facts within the issues are fully and correctly found, the exceptions to the conclusions of law present the same questions as the rulings upon the demurrers to the pleadings, and render it unnecessary to determine the correctness of the rulings upon the demurrers. *Ross* v. *Van Natta* (1905), 164 Ind. 557; *Fry* v. *Hare* (1906), 166 Ind. 415; *Board, etc.,* v. *Wolff* (1906), 166 Ind. 325; *Timmonds* v. *Taylor* (1911), 48 Ind. App. 531.

The finding of facts is, in substance, as follows: Appellants are the children and only heirs at law of Samuel

Traster, deceased. On December 23, 1896, said Traster was adjudged to be a person of unsound mind, and on said day defendant Conrad Keiser was appointed his guardian, and he duly qualified as such guardian. At the time of such appointment said Traster was the owner in fee of certain real estate. On December 2, 1899, said Conrad Keiser, as guardian, filed with the Whitley Circuit Court his petition to sell the real estate of his ward, to pay debts and for other purposes. Thereupon a private sale was duly ordered, and E. K. Strong was appointed by the court as a commissioner to make the sale. Notice of sale was duly given, the real estate was duly appraised, and said commissioner thereafter sold it in pursuance of the order and notice aforesaid, to appellee Rachael Keiser, who was the wife of defendant Conrad Keiser. The real estate was appraised at $1,500, and sold for $1,600, the highest and best bid therefor. Said guardian did not bid on the real estate, but furnished his wife a part of the money with which to pay therefor. Said sale was reported to and approved by the court, and a deed ordered, which was duly executed by said commissioner and approved by the court on March 3, 1900. Said deed was delivered to said purchaser, who entered upon the possession of the real estate so conveyed. At the April term, 1900, of the Whitley Circuit Court, said Conrad Keiser filed his final report as guardian, paid into court the funds belonging to said guardianship and resigned. Said report was approved, and Elisha L. McLallen was appointed by said court guardian of said Samuel Traster. On June 30, 1900, said McLallen, as such guardian, made a written showing of the facts relating to said real estate, and asked an order of the court directing him to affirm or disaffirm said sale, and thereupon the court ordered him to confirm the sale, which he did, and applied the funds to the benefit of his said ward. Said Samuel Traster died intestate August 16, 1902, while still of unsound mind and under guardianship, leaving as his only children and his

heirs at law the appellants and his widow, Mary Traster. Appellants have never received any part of the proceeds of said sale. This suit was commenced August 13, 1906.

The court stated conclusions of law upon the facts found, as follows: "(2) That plaintiffs did not commence this suit within eighteen months after the death of Samuel Traster, a person of unsound mind, and cannot maintain it; (3) that plaintiffs take nothing by this action; (4) that defendant Rachael Keiser recover her costs herein; (5) that plaintiffs' cause of action herein is barred by the five-year statute of limitations; (6) that defendant Rachael Keiser is the owner in fee simple of the real estate described in her cross-complaint and in finding number three herein, and that all the defendants to her cross-complaint have no right, title to, interest in, nor lien against said real estate; that her title in and to said real estate ought to be quieted as against each and all of the defendants to her cross-complaint."

Appellants insist that the court erred in its conclusions of law, and especially in holding that the suit is barred by the five-year statute of limitations. §295 subd. 4 Burns 1908, §293 R. S. 1881, is as follows: "For the recovery of real property sold by executors, administrators, guardians, or commissioners of a court, upon a judgment specially directing the sale of property sought to be recovered, brought by a party to the judgment, his heirs, or any person claiming a title under a party, acquired after the date of the judgment, within five years after the sale is confirmed."

It is urged that the action is not to recover the possession of real estate, that the relief sought is to have the sale set aside, the land resold by a commissioner appointed by the court, and out of the proceeds to reimburse the purchaser under the former sale, and to take an accounting of the purchase money, interest and improvements on the one hand and rents and profits on the other; that appellants are not heirs of a party to the proceedings for the sale by the guardian; that the real estate was not sold under a judg-

ment specially directing its sale; that the statute was not intended to apply to *ex parte* guardian sales; that regardless of any actual or intentional fraud, or showing of loss or injury to the ward, he or his heirs may have a resale of the property at any time within fifteen years from the confirmation of the sale.

Counsel for appellants concedes that it is settled in this State that an action to recover real estate or a suit to quiet title thereto, where the real estate was sold by an administrator, guardian or commissioner, upon a judgment specially directing the sale, when brought by a party to the judgment or his heirs, is barred by subdivision four of §295, *supra.*

This, in effect, according to appellants' contention, narrows the question to the proposition that the legislature in enacting the five-year clause of said section intended that it should apply only to sales made by a guardian when such guardian was a party to some adversary proceeding in which the judgment of the court specially directed the sale and authorized it to be made by such guardian. This construction gives only a very limited application of the statute, as it is a matter of common knowledge that sales by guardians in adversary proceedings, if known to our practice, are very rare, while sales by guardians in *ex parte* proceedings, under the statute, are very numerous, and are the usual and ordinary mode of procedure.

But further contention upon this proposition has been foreclosed, as it has already been decided that the five-year statute is applicable to sales by guardians in *ex parte* proceedings, and to those made by administrators; also that the statute applies where the judgment or proceeding ordering the sale is void.

In the case of *Davidson* v. *Bates* (1887), 111 Ind. 391, the question arose in a suit to recover the possession of real estate sold by a commissioner who had been appointed in an *ex parte* proceeding brought by two guardians representing

different wards, each having an interest in the real estate sold, the commissioner being one of the guardians. The five-year statute was invoked, and the court, on page 399, said: "It was averred that appellants did not, within five years after such sale, nor within five years subsequent to their arrival at the full age of twenty-one years, institute their action to recover the possession of the real estate in controversy herein. \* \* \* It is manifest that appellees set up in their respective answers the limitation provided in the fourth subdivision of §211 of the civil code of 1852 [2 R. S. 1852 p. 75], which required that actions 'for the recovery of real property sold by \* \* \* guardians or commissioners of a court,' etc., should be commenced 'within five years after the sale is confirmed.' \* \* \* Under the averments of appellees' answers herein, the five-year statute of limitations commenced to run against appellants' cause of action, stated in their complaint in this case, on the 19th day of October, 1857, on which day the sale by Commissioner Ketcham of the real estate in controversy herein was confirmed by the proper court. This was so, under our decisions, notwithstanding the fact apparent in this case that, at the time of the confirmation of the sale of such real estate by the proper court, each and all of such appellants were, and, for some years thereafter, continued to be infants, under the age of twenty-one years."

The statute is held to apply, even where the sales are void, and among cases applying the five-year statute to sales by guardians and administrators are the following: *Walker* v. *Hill* (1887), 111 Ind. 223; *White* v. *Clawson* (1881), 79 Ind. 188, 192; *Hampton* v. *Murphy* (1910), 45 Ind. App. 513; *Barton* v. *Kimmerley* (1905), 165 Ind. 609; *Axton* v. *Carter* (1895), 141 Ind. 672; *Fisher* v. *Bush* (1892), 133 Ind. 315.

The objection urged, that an order for the sale of real estate by a guardian and the confirmation thereof, in an

*ex parte* proceeding under the statute, is not a
3. judgment within the meaning of the foregoing statute, is untenable, for such orders, though different in form from judgments in adversary proceedings, have the force and effect of final judgments. *Davidson* v. *Bates, supra; Walker* v. *Hill, supra; White* v. *Clawson, supra; Neyens* v. *Flesher* (1907), 39 Ind. App. 399; *State, ex rel.,* v. *Peterson* (1905), 36 Ind. App. 269; *State, ex rel.,* v. *Wheeler* (1891), 127 Ind. 451, 454.

The foregoing authorities also meet the objection that the heirs of the ward—the appellants—do not come within the terms of the statute that speaks of suits "brought by
2. a party to the judgment, his heirs, or any person claiming a title," etc., for in the cases of *Davidson* v. *Bates, supra, Walker* v. *Hill, supra,* and *White* v. *Clawson, supra,* the sales were made upon *ex parte* orders on petition of the guardians, and the statute was held to apply. The only possible difference is, that here the appellants are heirs of the deceased ward, while in the cases cited the wards themselves were parties to the subsequent suits. In either case the parties holding title were only in court through the guardian when the sales were ordered and confirmed. As appellants claim title by inheritance from the deceased ward, Traster, there is no ground for distinguishing their case from those where the wards themselves bring suits to recover property formerly sold upon the petition of their guardians.

The further objection that the statute does not apply because the suit is not brought for a "recovery" of real property, is likewise untenable. The purchaser in this
4. instance is in possession of the real estate by virtue of the guardian's sale, and the relief asked cannot be granted without disturbing his possession and depriving him of the enjoyment of his property. If the suit were in ejectment, for partition, or to quiet title, the effect of the suit

upon the one claiming title and holding possession would not be essentially different than it would be to set aside the sale by which he acquired possession and title, and subject the land to another sale under the order of the court. In each case the land must be reached before relief can be granted, and to hold that the suit of appellants is not to recover the real estate in the sense in which the word "recovery" is used in the statute would be to make a distinction where there is no difference warranting it.

The statute is one of repose, and the legislative intent to limit the time within which suits may be brought to recover real estate sold as therein designated is evident from the tenor of the enactment and the language employed. The purpose is to settle titles, which, in the absence of the statute would be held defective. Perfect titles need no such enactments. It is but reasonable to believe the legislature intended that the statute should operate against those claiming title to real estate sold in the usual way under the ordinary procedure in guardian sales, and such is our conclusion.

In construing any statute, the legislative intent is to be kept in view. This intent is to be ascertained from an examination of the whole, as well as the separate parts, 5. of the act, and when ascertained, the intention will control the strict letter of the statute, or the literal import of particular terms, where to adhere to the strict letter of the statute would lead to inconsistency or absurdity. *State, ex rel.*, v. *Roby* (1895), 142 Ind. 168, 182, 33 L. R. A. 213, 51 Am. St. 174; *Greenbush Cemetery Assn.* v. *Van Natta* (1912), post, 192.

Having reached the conclusion that the five-year statute of limitations applies, other questions relating to the effect and validity of the sale need not to be considered.

The trial court did not err in its conclusions of law. Judgment affirmed.

Adams, J., not participating.