LAWLER ET AL. v. BEAR ET AL.

[No. 23,482.    Filed April 1, 1919.    Rehearing denied May 14,
1919.]

1. APPEAL.—*Review.—Finding Against Appellee.—Absence of
Cross-Errors.*—Where. the finding was against the plaintiff
appellee on the first paragraph of complaint, and no cross-
errors are assigned, such paragraph need not be further con-
sidered on appeal.    p. 310.

2. APPEAL.—*Overruling Demurrer.—Waiver.*—Where the appel-
lant failed to set out in his brief a copy, or the substance, of
a demurrer, or to amend the brief after the defect had been
pointed out by the appellee, the alleged error in overruling a
demurrer to the complaint is waived.    p. 311.

3. APPEAL.—*Grounds for New Trial.—Review.*—That the deci-
sion is not sustained by sufficient evidence, assigned as a
ground for new trial, presents no question for review on appeal,
in . the absence of the evidence from the record.    p. 311.

4. TRIAL.—*Verdict.—Validity.*—A verdict is contrary to law
when it is contrary to the principles of law as applied to the
facts which the jury is called upon to try.    p. 312.

5. DOWER. — *Wife's Inchoate Interest. — Priority.* — Although
money advanced by the guardian of an insane husband pur-
suant to orders of the court was paid mostly to the wife on
certain oral statements and promises by her, and was used
for her and the children's support, and for taxes, repairs, and
insurance on the ward's realty upon which the wife and children
resided, the guardian could not, in view of §3037 Burns 1914,
§2499 R. S. 1881, acquire a lien on the realty that would super-
sede or displace the wife's inchoate interest in the ward's realty.
pp. 312, 313.

6. DOWER.—*Wife's Inchoate Interest.—Vesting.—Judicial Sale.*—
Under §3052 Burns 1914, §2508 R. S. 1881, the inchoate in-
terest of the wife in her husband's realty becomes an abso-
lute vested interest whenever the husband's title therein vests
absolutely in the purchaser at judicial sale.    p. 313.

7. DOWER.—*Wife's Inchoate Interest.—Vesting.—Judicial Sale.*—
Where the land of an insane husband is sold under order of
the court, the wife's inchoate interest therein becomes vested
as an absolute interest under §3052 Burns 1914, §2499 R. S.
1881.    p. 313.

8. DOWER.—*Liens on Land.—Power of Guardian to Create.*—The
guardian of an insane husband ·has no power by his act or
conveyance to extinguish or incumber the inchoate interest of
the wife in such husband's realty.    p. 313.

From the Jefferson Circuit Court; *Francis M. Griffith,* Judge.

Action by Solomon J. Bear, receiver, and others against Cora Lawler and another. From a judgment for the plaintiffs, the defendants appeal. *Reversed.*

*A. J. Shelby* and *Ira M. Sharp,* for appellants.

*M. R. Sulzer,* for appellees.

LAIRY, J.—As disclosed by the briefs filed on behalf of appellants and appellees, there is no dispute as to the facts upon which the finding and judgment of the trial court is based. The facts thus disclosed show that in June, 1913, Joseph Lawler was adjudged to be a person of unsound mind, and that the People's Trust Company was appointed as his guardian, in which capacity it continued to act until the death of said Joseph Lawler in February, 1917. At the time of the appointment of the guardian and at the time of his death, Joseph Lawler was the owner of 160 acres of farm land in Jefferson county, Indiana, on which his wife and minor children resided. In pursuance of orders made by the court appointing it, said guardian advanced to the estate of its ward sums of money amounting in all to about $1,-000, which, together with interest to the time of trial, amounted to $1,056.20. On behalf of the guardian, it is stated that the money so advanced was paid mostly to Cora Lawler, the wife of its ward, on certain statements, and promises made by her as to its repayment, and that it was used for the payment of taxes on the real estate of the ward, for repairs and insurance on the buildings, and for the support of the wife and minor children of the ward. After the death of Joseph Lawler, one George W. Pheasant was appointed as administrator of his estate, and in March, 1917, he filed a petition as such administrator showing that the personal estate of Joseph Lawler, deceased, was not sufficient to pay the

debts of his estate, and asking that the real estate be partitioned with the widow and her share set off to her and the remaining two-thirds be ordered sold to pay the debts of the estate. On this petition such proceedings were had as resulted in a partition of the land, and forty acres thereof were set off to appellant, Cora Lawler, as widow, and the remainder was ordered sold to pay debts. The sale was made by the administrator in pursuance of notice in May, 1917, and the real estate sold was purchased by Cora Lawler and Hayden Lawler, one of the heirs. On April 23, 1917, appellee Bear was appointed receiver of the People's Trust Company, and on July 2, 1917, he brought this action as such receiver.

The complaint was in two paragraphs. The first paragraph proceeded on the theory that the sale of the real estate by the administrator should be vacated and that the real estate should be re-exposed for sale, on the ground that the bidding at the sale was chilled by representations and statements made by defendants Cora Lawler and Hayden Lawler, who became the purchasers at such sale, and on the further ground that the sum for which it sold was greatly disproportionate to its real value, and that if resold it would bring an amount in excess of the price for which it sold of at least ten per cent., exclusive of cost. §2875 Burns 1914, §2358 R. S. 1881. The finding was against appellee on the first paragraph, and, as there are no cross-errors assigned, this paragraph need not be further considered.

As disclosing the theory of the second paragraph, the statement of appellee in his brief may be adopted: "The theory of the second paragraph of complaint and upon which the cause was tried and decision rendered in the lower court was that appellee, receiver of People's Trust Co., had a lien and was entitled to be reimbursed

from the estate of said Lawler (insane) deceased, on account of the advancement made by said guardian for the payment of taxes, insurance, repairs and the support and maintenance of his wife, Cora Lawler, and minor son, Hayden Lawler, and on account of the representation and agreements made by the said Cora Lawler to the said guardian and court."

The court found for the plaintiff and entered a decree declaring a lien in its favor on all of the real estate of which Joseph Lawler died seized, for the amount of the advancement and accrued interest.

2. The action of the court in overruling appellants' demurrer addressed to the first and second paragraphs of complaint is assigned as error. The brief of appellants on the assignment of errors does not set out a copy of the demurrer or give its substance; and, although this defect in the brief was pointed out in the brief of appellee Bear, no attempt was made to amend the brief on assignment of error in this particular. For the reason stated, the alleged error is waived.

3. The motion of appellants for a new trial, which was overruled, was based on the grounds that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law. As the evidence is not in the record, the first ground upon which this motion is based cannot be considered.

It thus appears that all questions which the assignment of errors seeks to present are eliminated except one, and that is, Does the record affirmatively show that the decision of the court is contrary to law? If it does, such decision cannot stand, and the judgment based thereon must be reversed.

In the case of *Equitable Accident Ins. Co.* ·v. *Stout* (1893), 135 Ind. 444, 33 N. E. 623, this court said: "A verdict is contrary to law when it is contrary to

4. the principles of law as applied to the facts which the jury is called upon to try; when it is contrary to the law which should govern the cause."

To find as it did in this case, the court must have determined as a matter of law that, under the facts shown, appellee as receiver was entitled to an equitable

5. lien on the real estate of which Joseph Lawler was seized during the guardianship and at the time of his death, and that such lien covered the inchoate interest of Cora Lawler as the wife of the ward, or that it was superior to such inchoate interest of the wife.

We need not and do not decide whether, under the facts of this case, the guardian was entitled to a lien for all or for any part of the money advanced, and it may be that, in the absence of the evidence from the record, this court could not properly consider that question. This court can, however, determine the nature and extent of such a lien, in case it existed, and this is true irrespective of the evidence, as no evidence which could have been introduced could affect the status of the lien with respect to the inchoate interest of the wife.

Section 3037 Burns 1914, §2499 R. S. 1881, provides: "No act or conveyance, performed or executed by the husband without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law; nor any sale, disposition, transfer or incumbrance of the husband's property, by virtue of any decree, execution or mortgage to which she shall not be a party (except as provided otherwise in this act), shall prejudice or extinguish the right of the wife to her third of his lands or to her jointure, or preclude her from the recovery thereof, if otherwise entitled thereto."

Section 3052 Burns 1914, §2508 R. S. 1881, provides that in all judicial sales of real estate in which a married woman has an inchoate interest by virtue of

6. her marriage, where such inchoate interest is not directed by the judgment to be sold or barred, such interest shall become absolute and vest in the wife in the same manner and to the same extent as the inchoate interest of a wife vests upon the death of her husband. The inchoate interest of the wife under this statute becomes an absolute vested interest, whenever the title of the husband vests absolutely in the purchaser at judicial sale, after which time the wife may have her interest set off to her by partition.

Under these statutes it has been held that the inchoate interest of a wife in her husband's lands cannot be divested by sale on foreclosure of a lien for street improvements. *Darby* v. *Vinnedge* (1913), 53 Ind. App. 525, 533, 100 N. E. 862.

If land of an insane husband is sold under an order of court, the inchoate interest of the wife becomes vested as an absolute interest under §3052, *supra*. *Huff-*

7. *man* v. *Huffman* (1912), 51 Ind. App. 330, 335, 99 N. E. 769; *Sell* v. *Keiser* (1911), 49 Ind. App. 101, 96 N. E. 812.

Under the law, the guardian of an insane ward has no power to create or to acquire a lien on the lands of his ward which would have the effect to supersede or

5. displace the inchoate interest of the wife in the lands of such ward. If, instead of advancing the money, the guardian, in pursuance of an order of

8. court, had borrowed it and had executed a mortgage on the ward's land to secure the payment, the lien of such mortgage would not have affected the inchoate interest of the wife. Likewise a lien on the ward's real estate declared by the court before his death in favor of his guardian as security for money advanced could not have been enforced against the inchoate interest of the wife of the ward. No act performed or conveyance executed by the husband can prejudice or ex-

tinguish the rights of the wife to her third of his lands. §3037 Burns 1914, *supra*. The guardian of an insane husband, as his representative, has no more power by his act or conveyances to extinguish or incumber the inchoate interest of the wife in her husband's real estate than the husband would have if sane.

The assent of the wife to conveyances or other instruments which would operate as a conveyance or incumbrance of her husband's real estate must be evidenced by her acknowledgment thereof in the manner provided by law. §3037 Burns 1914, *supra*. No mere oral promise, statement, or representation made by the wife could amount to such an assent.

The finding of the trial court is contrary to law. This case belongs to that class to which Judge Elliott refers in his Appellate Procedure, §487, "wherein the trial court proceeds upon an erroneous theory which is carried to a judgment affecting the interests of all the parties to the suit or action. In such a case, the whole judgment or decree must be reversed in order that complete justice may be done."

The judgment is reversed, with instructions to the court below to sustain appellants' motion for a new trial.

NOTE.—Reported in 122 N. E. 660. Dower: sale of land for taxes as defeating inchoate interest of wife, 19 Ann. Cas. 977, Ann. Cas. 1914C 115. See under (5-8) 14 Cyc. 928, 929.