**STANDARD MOTOR CO. v. WITTMAN et al.
(No. 1212.)**

(Court of Civil Appeals of Texas. Beaumont.
March 28, 1925.)

1. **Judgment ☞194—Judgment denying plaintiff relief, based on verdict not disposing of plaintiff's cause of action, reversed.**

In action on notes given for tractor, in which defendant alleged misrepresentations and sought recovery of part of purchase price paid, verdict, finding for defendants as prayed for in his petition, except that plaintiff be allowed to recover tractor, did not find upon or dispose of plaintiff's cause of action, and judgment, denying plaintiff recovery on notes, was not authorized in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971 and 1994.

2. **Trial ☞329—Verdict held erroneous as giving relief not asked for in pleadings of either party.**

In action on notes given for tractor, in which defendant alleged misrepresentations and sought recovery of part purchase price paid, verdict, finding that plaintiff should be allowed to recover tractor, *held* erroneous, in that there was no pleading on part of either party asking for such relief.

3. **Judgment ☞251(2), 256(1) — Recitals in judgment held not to conform to issues and verdict.**

In action on notes given for tractor, in which defendant alleged misrepresentations and sought recovery of part of purchase price paid, recital in judgment that tractor was sold upon certain false representations, by reason of which consideration in notes failed, *held* erroneous, where no such issue was submitted to jury, and jury made no such finding, and case was not submitted on special issue.

4. **Fraud ☞41—Buyer's cross-action, in suit by seller for price, held not to state cause of action for fraud.**

In action on notes given for tractor, plea, alleging misrepresentations as to condition of tractor, and seeking recovery of part of purchase price paid, *held* not to state cause of action on ground of fraud, and subject to general demurrer.

5. **Appeal and error ☞837(11)—Written contract not pleaded, though admitted without objection, cannot be made basis for rendering judgment on reversal.**

In action on notes given for tractor, in which defendant alleged misrepresentations and sought recovery of part of purchase price paid, a written contract of sale, which was not pleaded by plaintiff, though admitted in evidence without objection, cannot be looked to as basis for rendering judgment for plaintiff on reversal.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by the Standard Motor Company against Norman Wittman and another, in which defendants set up a cross-action.

From the judgment, plaintiff appeals. Reversed and remanded.

R. E. Masterson, of Beaumont, for appellant.

Sam Lipscomb, of Beaumont, for appellees.

O'QUINN, J. Appellant sued appellees to recover on two promissory notes for the sum of $175 each, together with 10 per cent. interest and 10 per cent. attorneys' fees.

Appellees answered by general demurrer, general denial, and specially that the notes were given in part payment for a secondhand Ford tractor which appellees had purchased from appellant, and for which they agreed to pay the sum of $500 upon the representations of appellant and its agents that the tractor was "in good working condition; * * * that plaintiff would effect any necessary repairs upon said tractor; and that it was in A–1 condition" at the time of the sale. They further alleged:

"These defendants further show that, relying upon the representations of said plaintiff, through its servants and agents, they paid the sum of $100 cash, and afterwards, before discovering the defects in the tractor, the defendants paid the additional sum of $50 on said agreed purchase price; that, soon after taking possession of said tractor, they discovered that it was worn out, and was practically useless for the purposes for which it was sold; that, in selling said tractor to these defendants upon the representations that it was in good condition, the plaintiff, through its servants and agents, committed a fraud upon these defendants, by reason of which the consideration for the execution and delivery of said notes wholly failed; and that these defendants have been damaged in the full sum of $150, heretofore paid as part of the purchase price of the tractor. Defendants tender said tractor to the plaintiff,"

—and prayed that plaintiff have and recover nothing against them, and that they recover the sum of $150 from plaintiff.

By supplemental petition, appellant replied to appellees' answer by general demurrer, general denial, plea of two years' limitation against appellees' plea in cross-action for the $150, and further alleged that the tractor was in good condition when sold to appellees; that appellees tried out said tractor for their own satisfaction; and that they purchased same without any representations from appellant, after being satisfied with same from trying it out, and that appellees, by their long use and retention of said tractor, had ratified and confirmed the purchase thereof.

The case was tried before the court with the aid of a jury. It is disclosed by appellant's brief that, by agreement of the parties, the court delivered an oral charge to the jury, but it does not appear what was

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the nature of the charge. The jury returned the following verdict:

"We, the jury, find for the defendant as prayed for in his petition, except that the plaintiff shall be allowed to recover the tractor in question."

Upon the verdict of the jury, the court rendered judgment: (1) That appellant be denied a recovery on the notes sued on, and that it recover the tractor; and (2) that appellees recover from appellant the sum of $150 and all costs of suit.

Motion for a new trial was made and overruled; hence this appeal.

The judgment will have to be reversed because the verdict of the jury is incomplete, and is not responsive to the issues as made by the pleadings of the parties, and because the judgment of the court does not conform to the pleadings of the parties and the verdict of the jury, in that:

[1] (a) The verdict did not find upon or dispose of appellant's cause of action against appellees, but the judgment denies it a recovery based upon the verdict. Articles 1971 and 1994, Vernon's Sayles' Civil Statutes; Waco Cement Stone Works v. Smith (Tex. Civ. App.) 162 S. W. 1158; Wheeler v. Moore (Tex. Civ. App.) 208 S. W. 678; Dodd v. Gaines, 82 Tex. 429; 18 S. W. 618; Akin v. Jefferson, 65 Tex. 141; Phillips v. Hill, 3 Tex. 397.

[2] (b) The verdict finds that appellant shall he allowed to recover the, tractor, and the judgment so decrees. There was no pleading on the part of either party asking for such relief. See authorities cited, supra.

[3] (c) The judgment recites that the tractor was sold upon certain representations that were not true, by reason of which the consideration expressed in the notes given in part payment for the tractor failed. No such issue was submitted to the jury and they made no such finding. It does not appear that the case was submitted upon special issues, but was submitted generally, and a general verdict returned. See authorities cited, supra.

[4] Appellant insists that appellees, in their cross-action, wherein they seek to recover on the grounds of fraud, failed to state a cause of action, and that their said plea was bad on general demurrer. We think the plea is subject to the complaint. It does not state facts necessary to be the basis of an action for fraud.

[5] Appellant asserts that the court below should have instructed a verdict for it, and urges that, under the record, we should reverse the judgment and here render judgment in its favor because the written contract of sale of the tractor entered into between appellant and appellees, and which contract was introduced in evidence, provides:

"I further understand that the said Standard Motor Company does not personally or through its salesmen guarantee in any way whatsoever any new or secondhand automobile or any property herein mentioned, except when said guarantee is specifically stated in writing; and I agree and fully understand that no guaranty, warranty (other than title), or repair contract of any kind is held against any article mentioned in this contract, except as is written hereupon or attached hereto. I further understand that no agent or other employé of the said Standard Motor Company has the power to waive any of the terms of this contract, unless such waiver be written or attached hereto, and I agree that said Standard Motor Company is not bound by any representations, warranties, or statements made to me by such agent or other employé, unless written hereon or attached hereto."

It does not appear that appellant made any request in the court below for an instructed verdict, and its contention that we should here render judgment in its favor, based upon the written contract, cannot be sustained. The written contract of sale was not pleaded by appellant, neither in its original petition, nor in its supplemental petition in reply to appellees' answer. To make the terms of a written contract available as a cause of action or a defense, it must be pleaded. The written contract appears in the record as evidence, though there was no pleading upon which its admission could be based. Whether admitted over objection or without objection does not appear. Under the pleadings, this evidence when offered, if excepted to, should have been excluded, and though admitted without objection, under the well-settled rule of this state, as it was not warranted by the pleadings, cannot be looked to as the basis for a judgment. There must be a proper predicate for all testimony upon which parties rely to support their cause of action or maintain their defense. Facts not alleged, though proven, cannot form the basis of a decree or judgment, for proof without pleading is as barren as pleading without proof. Hall v. Jackson, 3 Tex. 305; Norvell v. Oury, 13 Tex. 31; Banking Co. v. Stone, 49 Tex. 4; Harvey v. Cummings, 68 Tex. 607, 5 S. W. 513; Cooper v. Loughlin, 75 Tex. 524, 13 S. W. 37; Insurance Co. v. Brown, 82 Tex. 631, 636, 18 S. W. 713.

Appellant cites us to the cases of Case Threshing Machine Co. v. Manes (Tex. Com. App.) 254 S. W. 929, and Avery Co. v. Harrison Co. (Tex. Com. App.) 267 S. W. 254, as sustaining its contention that it is entitled to have judgment here rendered for it, because of the terms of the written contract found in the record. In both of these cases the contract in question was pleaded. Not so in the instant case, and hence the cases cited are not in point on the question of here rendering judgment.

Other questions are presented, but, as they

may not arise upon another trial, they are not discussed.

The judgment is reversed, and the cause remanded.