## DON *v.* DON.

1. A verdict granting a total divorce to the defendant wife in a petition brought by her husband as plaintiff was unauthorized by the pleadings and the evidence in the present case, and the trial judge erred in overruling the motion for a new trial made by the wife, based upon the ground stated.
2. There was no error in overruling the motion for a continuance.
3. The other assignments of error in the motion for a new trial are without merit.

No. 4572.   SEPTEMBER 15, 1925.·

Divorce.   Before Judge Meldrim.   Chatham superior court. August 1, 1924.

*Don H. Clark,* for plaintiff in error.

RUSSELL, C. J.   The only substantial question raised in this case is whether a wife who is sued by her husband for divorce can be forced to be divorced when she does not desire the dissolution of the marital relationship, and her desire that her status as a wife shall remain unchanged is apparent from the pleadings. Joseph Don filed a petition for divorce from his wife, Flora Mc-Kenney Don.   He alleged cruel treatment upon her part as the ground of divorce.   The petition was thereafter amended so as to amplify statements contained in the original petition and bring before the jury a lengthened statement of his services as a soldier in France during the World War.   The defendant, now plaintiff in error, in answering the petition denied all of the allegations of cruel treatment upon her part, setting up in substance that she had been a true and faithful wife and had performed all her duties as such, and stating that it was she and not the plaintiff who had cause to complain of cruel treatment; but she did not ask for a

divorce or make any reference to the subject of divorce, merely alleging that her husband had deserted her without cause, thereby causing a separation, and asking for the allowance of alimony, both temporary and permanent, with attorney's fees. Upon the trial the jury returned a verdict granting the defendant a total divorce, the sum of $100 as alimony divided into four payments of $25 each, and $50 attorney's fees. The defendant was given the privilege to marry again, and the plaintiff was refused the privilege of marrying again. The defendant, Mrs. Don, moved for a new trial, and in addition to the usual general grounds, alleged (1) That the sum of $100 allowed as alimony was grossly insufficient and incommensurate with the estate of the husband. (2) Because the sum of $50 was grossly inadequate as reasonable and proper attorney's fees for the legal services required and rendered. (3) Because the court erred in refusing to postpone the trial on account of the absence of C. E. Alexander, a material witness for the defendant. (4) "Because the court erred in permitting the jury to pass upon the question of granting or denying to the defendant a divorce or the right to remarry, for the reason that the defendant had not by plea or answer prayed for a divorce or right to remarry; and so the verdict rendered by said jury was without any pleadings upon which the same could be founded." In addition to the assignment of error in the fourth ground of the amendment to the motion for a new trial last quoted, we think the point is covered by the general ground of the motion, which avers that the verdict was contrary to law. As appears in the answer of the defendant, she neither asked for a divorce or the right to marry again, nor did she attempt to do so in the pleadings. It is a well-settled principle of law that the verdict can not reach out and extend beyond the limits of the pleadings. It is very plain to see in the case at bar why the defendant might not desire a dissolution of the marital relationship, and therefore why she did not ask for it. She was asking for alimony. According to the statement she makes of her husband's nature and disposition, she places before the court facts sufficient to show that she could not live with him, and that she was justified by his conduct in separating herself from him; and these facts were sufficient in the mind of the jury to authorize them to find that he should not be permitted to inflict himself upon any other female. Her statement in the

petition that the husband had deserted her can not be construed as stating a ground of divorce, because three years had not elapsed so as to afford a legal reason for divorce upon that ground, but only a few months had passed between the desertion and the filing of the answer. There is evidence showing that the would-be husband induced the marriage largely by the fact that he had a pension which lasted for life amounting to $96.50 per month, and that this representation, as well as that he had a large sum of money deposited as savings in a bank at Savannah, induced the defendant to leave her home in North Carolina and go with him as his wife to Savannah, where she had not a single acquaintance. If no divorce had been granted the wife, the jury having found that the plaintiff was not entitled to a divorce, the husband would have been liable for the support and maintenance of the wife, and she might subject (her necessity having arisen from his original conduct) a portion of this lifelong pension for her support; but the verdict of the jury, having declared her (without any request in the pleadings) to be no longer the wife of the plaintiff, and wholly dissolving the marital bonds, would preclude any possibility of relief for her.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hines, J., dissenting.*

BECK, P. J. The respondent in this case filed a plea and answer in which she set forth facts that would entitle her to a divorce, if proved. She also prayed for permanent alimony. I think, therefore, the court was authorized to submit to the jury the question as to whether or not the defendant in the suit for divorce was herself entitled to a divorce, though there was no formal prayer upon her part that she be granted a divorce; and when the jury, under the charge of the court, which was authorized by the pleadings and evidence, rendered a verdict granting a divorce and permanent alimony, the court was not compelled, upon her motion for a new trial, to grant the same.