## COHEN v. SHUBERT.

[No. 14,838.   Filed May 7, 1935.]

*Dudley M. Shively,* and *Water R. Arnold,* for appellant.

*Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl,* and *George W. Omacht,* for appellee.

BRIDWELL, J.—Appellant filed his complaint in replevin against the appellee seeking to recover possession of a certain automobile described in the complaint, and

damages for its unlawful detention. Appellee answered the complaint by general denial, and in addition filed a cross-complaint against appellant, alleging in substance that appellant, on March 3, 1931, and at all times mentioned in the cross-complaint, was engaged in the business of buying and selling at retail, used automobiles; that appellee was the owner of an automobile of the reasonable value of $600, and appellant owned a second-hand Graham-Paige sedan, described in the complaint; that appellant's automobile was in bad mechanical repair, and in poor condition generally; and its reasonable market value was $200; that appellant, for the purpose of inducing appellee to purchase his said automobile for $1175 falsely and fraudulently represented to appellee that appellant's automobile was built in 1930, and was in good mechanical and general condition; that it was in the same mechanical and general condition as a new automobile; that each of said representations were false and known to appellant to be false in that the automobile was built prior to the year 1930, and was at the time in bad mechanical and general condition; that appellee believed said representations, and relying thereon, entered into a contract with the appellant, whereby appellee agreed to pay $1175 for appellant's automobile, $600 of which was to be paid by appellee transferring to appellant, appellee's automobile, and $575 to be paid on or before thirty days after March 3, 1931; that if appellant's said automobile had been as represented, it would have been worth $1175; that appellee did transfer and deliver to appellant title to the automobile owned by appellee, and executed a title reservation note for $575 for the balance; that immediately afterwards appellee discovered that the automobile so purchased from appellant was in disrepair, and was not built in the year 1930, and that by reason of said misrepresentations appellee has been

damaged. The prayer of this cross-complaint was that said damages be applied to reduce and cancel the amount due on said note, and further, if it was found that defendant was damaged in a sum less than the unpaid balance, that before entering judgment the court give to appellee a reasonable time to pay said balance, and for judgment in defendant's favor if the damages exceeded said balance. Appellant filed an answer in general denial to the cross-complaint. Upon the issues thus formed the cause was submitted to a jury for trial, and in due course a verdict as follows was returned:

"We, the jury, find for the plaintiff on his complaint that he is the owner of the automobile described in the complaint and that the defendant has failed to pay the purchase price thereof in the sum of $575.00. We, the jury, find for the defendant upon his cross-complaint that he has been damaged in the sum of $575.00, that the defendant recover of the plaintiff the difference in the sum of $............"

Appellant filed a motion for a new trial, stating as causes therefor, that the verdict of the jury is not sustained by sufficient evidence; that said verdict is contrary to law; that the court erred in refusing to give certain instruction tendered by appellant; that the court erred in giving certain instructions tendered by appellee; error in the admission of evidence; error in refusing to strike out certain evidence admitted; and "error in the assessment of excessive damages in that the verdict of the jury as to an allowance or award of damages to the defendant on his cross-complaint or counterclaim is excessive, being too large." This motion was overruled and appellant excepted, and thereafter, the court rendered judgment upon the verdict as follows:

"It is therefore considered and adjudged by the court that the plaintiff have and recover of and from the defendant the sum of $575.00 on the com-

plaint sued upon and that the defendant recover of the plaintiff on the cross-complaint the sum of $575.00.

"It is further considered and adjudged by the Court that the defendant have and recover of and from the plaintiff the costs herein laid out and expended, taxed at $............"

This appeal followed, the sole error assigned and relied upon for reversal being alleged error in overruling appellant's motion for a new trial.

From an examination of the record we learn that in the instant case the plaintiff (appellant) did not claim the immediate delivery of the property, but said property remained in the possession of the defendant (appellee), the appellant relying upon a successful termination of his action to secure a judgment for the subsequent delivery of the property to him.

The verdict returned by the jury in this cause is not responsive to the issues submitted for trial on the complaint, and the answer in general denial thereto. It does not find as to the right of possession, the chief issue tendered by the complaint. It was accepted by the court and received without objection from either party, and the jury discharged. No motion for a *venire de novo* was filed. Conceding, without deciding, that this would have been an appropriate remedy for appellant in the instant case, it does not necessarily follow that the failure to resort to such procedure requires an affirmance of the judgment because of such failure.

Our statutory law, sections 3-2701 to 3-2713, Burns 1933, governs the rights of the parties in action to recover the possession of personal goods (commonly called replevin actions), and prescribes the procedure to be followed concerning the custody of the property involved, pending litigation and determination of the right to possession. Section 2-2025, Burns 1933, §358,

Baldwin's 1934, relates to the form of verdict which a jury may return in such actions and provides as follows:

"In actions for the recovery of specific personal property, the jury must assess the value of property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property."

Section 2-2510, Burns 1933, §382, Baldwin's 1934, provides as to the judgment, as follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or the value thereof in case a delivery cannot be had, and damages for the detention. When the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value in case a return cannot be had and damages for the taking and withholding of the property."

The foregoing sections of our statutory law, when considered together, plainly contemplate that the verdict of a jury in a replevin action, shall determine where the right of possession of the property in controversy lies, the value of said property, and the damages sustained by the party lawfully entitled to its posssesion occasioned by any wrongful taking or unlawful detention. *Johnson* v. *Morgan* (1906), 167 Ind. 528, 78 N. E. 633. Judgment as required by statute in this class of actions, in cases where the right of possession is in one party to the action, and the actual possession is held by the other party, cannot be legally rendered in the absence of a verdict as above outlined.

We are aware of the fact that both this court and our Supreme Court have upheld judgments in replevin actions rendered on general verdicts merely finding for the plaintiff, or for the defendant, but in such instances

possession of the property in controversy was held by the person or persons in whose favor the verdict was returned.

We are of the opinion that this verdict is contrary to law, for the reason that it is contrary to the principles of law as applied to the facts which the jury were called upon to try; contrary to the principles of law which should govern the cause under the issues formed and the facts proven. For cases discussing when a verdict is contrary to law, see *Bosseker* v. *Cramer* (1862), 18 Ind. 44; *McGuire* v. *State* (1875), 50 Ind. 284; *The Equitable Accident Insurance Co.* v. *Stout* (1893), 135 Ind. 444, 33 N. E. 623; *Lawler* v. *Bear* (1919), 188 Ind. 308, 122 N. E. 660; *Kundred* v. *Bitler* (1932), 93 Ind. App. 691, 177 N. E. 345; *Marion County Construction Co.* v. *Kimberlin* (1933), 96 Ind. App. 145, 184 N. E. 574; *Don* v. *Don* (1925), 160 Ga. 896, 129 S. E. 287; *Myers* v. *Hubbard* (1921), 80 Okla. 97, 194 Pac. 433; *Standard Motor Co.* v. *Wittman* (1925), (Tex.), 271 S. W. 186.

The appellant by proper complaint sought recovery of the possession of an automobile which, as the undisputed evidence discloses, he had sold to the defendant (appellee) under a contract reserving title in plaintiff until the full purchase price was paid, with the right to repossess in the event of default in payment. It also appears from the evidence, without conflict, that the balance due on the purchase price of said automobile was not paid when due; that demand for payment was made and payment refused, and demand for possession of the automobile made and also refused, the complaint being thereafter filed. This verdict finds, among other things, that the plaintiff is the owner of the automobile described in the complaint, and that the defendant has failed to pay $575 of the purchase price, but it wholly

fails to find which of the parties is entitled to possession, or as to the value of the property involved, or as to the damages sustained, if any. The jury under the issues formed by the pleadings in this cause, and under the evidence submitted, was not authorized to agree upon the verdict it returned, as such verdict fails to conform to the statutory requirements of a verdict in replevin actions, where possession at the time of trial is sought by the plaintiff and held by the defendant, and this verdict is, therefore, contrary to law.

While that part of the verdict which relates to the rights of the parties on the issues formed on the cross-complaint is responsive to that issue, it is apparent from a view of the entire record in this case, that the jury, in disregard of the issues formed on the complaint, but with a view to promote what it conceived to be the justice of the case, determined to award damages to appellee on its cross-complaint in an amount equal to the balance due to appellant on the purchase price of the automobile sold. The judgment rendered by the court on the verdict returned presents a condition where the record affirmatively discloses that the appellant has sought recovery of a specific item of personal property, and has been granted a money judgment for the unpaid amount of the purchase price, such judgment being entirely unauthorized by any issue presented by the pleadings. We do not believe that the appellee could rightfully, by any pleading presented and filed by him in the pending cause, deprive appellant from having the issue which appellant sought to present, tried and determined.

Other alleged errors have been discussed in appellant's brief, but in view of the conclusion reached we deem it unnecessary to extend this opinion by a discussion of such claimed errors, as they may not arise upon any retrial of this cause.

The trial court was without authority to enter the judgment rendered in this cause, and in view of the entire record we believe that the ends of justice will be best served by a reversal of the entire judgment.

Judgment reversed, with instructions to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.